The CHIEF JUSTICE
 

 delivered the opinion of the court.
 

 The general rule undoubtedly is, that this court cannot, upon a certificate of division of opinion, acquire jurisdiction of questions’ relating to matters of pure discretion in the Circuit Court. Thus, it has been held that this court will not determine upon a .certificate of division of opinion, whether or not a new trial shall be granted,
 
 *
 
 or whether a plaintiff in ejectment shall be permitted to enlarge the term in the demise,
 
 †
 
 or any question in any eqqity cause relating to the practice in the Circuit Court, and depending on the exercise of sound discretion in the application of the rules which regulate the course of equity to the circumstances of the particular cause.
 
 ‡
 

 The principles by which the limit of jurisdiction, upon certificates of division, is determined, were quite fully considered in the case of
 
 Davis
 
 v.
 
 Braden,
 

 §
 

 aud the conclusion of the court was, that a division on a motion, to be granted or refused at the discretion of the court, does not present a point which can be certified under the act of Congress. Upon this principle, the court in that case refused to take cogniz.ance, upon certificate, of the question, whether an action of
 
 *582
 
 detinue, founded upon tort, when abated by the death of the defendant, can be revived against his personal .representatives.
 

 Iu the opinion then delivered, the court took notice of the case, of
 
 The United States
 
 v.
 
 Wilson,
 

 *
 

 supposed to be an authority for taking cognizance of the questiou made by the motion to revive. In that case the question certified was, whether a prisoner, convicted of a capital crime, could have any advantage from a pardon without bringing it judicially before the court; and it arose upon a motion of the district attorney for sentence. The court regarded this as a question going to the merits, and not determinable in the exercise of mere discretion; and, therefore, held this case not to be an authority for another, iu which the merits weije not involved in the question certified.
 

 There are other cases iu which the court has- taken cognizance of questions directly affecting the merits of the cause, even though arising, in form, upon motions determinable at discretion. The case of
 
 The United States
 
 v. Chicago,
 
 †
 
 where the question certified arose on a motion to continue a temporary injunction, granted by the district judge, until final hearing on-the merits, must be regarded as one of this character. The continuance of the injunction was clearly matter of discretion with the court; but the question certified involved the right of the United States in the land which was the subject of the suit, and was one proper for consideration upon the motion for continuance. The court held, though not unanimously, that the case was exceptional iu its character, and that cognizance of the. question certified might be properly taken. It may be doubted whether, in this instance, the exception made to the general rule was quite warranted by the principle established in prior decisions.
 

 In the latter ease of
 
 The United States
 
 v.
 
 Reid & Clements,
 

 ‡
 

 the point of jurisdiction upon certificate was not noticed. One of the questions certified seems, however, to have been' clearly cognizable here. The defendants had been sepa
 
 *583
 
 rately tried, and one of them,'when upon trial, had proposed to call the.other as a witness, and the court had rejected the testimony. The question certified was, whether this ruling was correct. It arose upon motion for new trial, but it was plainly-a point which must be determined, as of right, before sentence could be pronounced; and the certificate therefore was within the. principle of
 
 The United States
 
 v.
 
 Wilson.
 

 The motion to quash, upon which the question now- before us arose, was clearly determinable as a matter of discretion. It was preliminary, in its character, and the denial of the motion could not finally decide any right of the defendant. The rule laid down by the elementary writers
 
 *
 
 is, that “a motion to quash is addressed to the sound discretion of the court, and if refused, is not a proper subject of exception.”
 

 • When made in behalf of defendants, it is usually refused, unless in the clearest cases, and the grounds of it are left to be availed of, if available,' .upon demurrer or motion in arrest of judgment.
 

 It. is quite clear therefore that we cannot take cognizance of the questions certified to us in the present condition of the case. They may hereafter arise upon demurrer, or on motion in arrest, and if the opposition of opinion shall still exist, can be again presented for consideration here.
 

 At present the case must be
 

 Dismissed por want op jurisdiction.
 

 *
 

 United States
 
 v.
 
 Daniel, 6 Wheaton, 542.
 

 †
 

 Smith
 
 v.
 
 Vaughan, 10 Peters, 366
 

 ‡
 

 Packer
 
 v.
 
 Nixon, Ib. 410.
 

 §
 

 Ib. 288.
 

 *
 

 7 Peters, 150.
 

 †
 

 7 Howard, 190.
 

 ‡
 

 12 Id 361.
 

 *
 

 1 Colby’s Crim. Stat. 268 and 269; 1 American Crim. Law, 518 and 519.