## UNITED STATES *v.* HEWECKER.

CERTIFICATE OF DIVISION IN OPINION FOR THE SOUTHERN DIS-
TRICT OF NEW YORK.

No. 547. Submitted October 13, 1896. — Decided October 26, 1896.

Sections 651 and 697 of the Revised Statutes, relating to certificates of division in opinion in criminal cases were repealed by the judiciary act of March 3, 1891, 26 Stat. 826, both as to the defendants in criminal prosecutions, and as to the United States; and certificates in such cases cannot be granted upon the request either of the defendants or of the prosecution. *Rider* v. *United States*, 163 U. S. 132, on this point adhered to.

MOTION to dismiss. The case is stated in the opinion.

*Mr. Abram J. Rose* for the motion.

*Mr. Assistant Attorney General Dickinson* opposing.

Mr. Chief Justice Fuller delivered the opinion of the court.

Hewecker was indicted for the murder of one Miller, on January 17, 1892, in the bay of Havana, off the island of Cuba, on board an American vessel, within the admiralty and maritime jurisdiction of the United States and out of the jurisdiction of any particular State, in the Circuit Court of the United States for the Southern District of New York, that district being the district in which he was found and into which he was first brought. To the indictment he entered a special plea in the nature of a plea in abatement, to the effect that the indictment was not found until March 10, 1896; that Miller died January 21, 1892, in Cuba, without the United States, and that under and by virtue of section 1043 of the Revised Statutes of the United States he could not be prosecuted or tried; that from January 17, 1892, until the date of the finding of the indictment he had not fled from justice but had been confined in a prison at Havana, Cuba, upon a charge of assault inflicted in that city; and that therefore the offence with which he was charged by the indictment was barred by the statute of limitations. To this plea the United States interposed a demurrer and argument was had thereon, whereupon the judges of the Circuit Court, the court being held by a Circuit Judge and a District Judge, announced that they were divided in opinion upon certain questions of law arising on the demurrer, and the points upon which the judges disagreed were at the request of the United States certified to this court. The case was submitted on a motion to dismiss.

By the judiciary act of March 3, 1891, it was provided that this court should not have appellate jurisdiction by appeal, by writ of error, or otherwise, over the Circuit Courts, except according to the provisions of the act; and jurisdiction was specifically given in " cases of conviction for a capital or otherwise infamous crime."

In *Rider* v. *United States*, 163 U. S. 132, we decided that sections 651 and 697 of the Revised Statutes in relation to certificates of division of opinion in criminal cases were repealed

for the reasons given therein. .It is true that in that case the defendants had been found guilty and that the certificate of division was on a motion for new trial. The general rule was that this court could not, upon a certificate of division of opinion, acquire jurisdiction of questions relating to matters of pure discretion in the Circuit Court, and, therefore, that a certificate on a motion for new trial would not lie, but where the questions presented went directly to the merits of the case it had been held that jurisdiction might be entertained. *United States* v. *Rosenburgh*, 7 Wall. 580. And accordingly we did not dismiss the certificate because made on a motion for new trial, since the maintenance of the information at all depended on the points certified. ·

In this case it is contended that the right of the United States to proceed upon a certificate of division was not brought before us in that case and that the reasons assigned by us for that decision are not clearly applicable here. But we are unable to arrive at any other conclusion and see no reason for a different opinion on the general question than there expressed.

By the act of March 3, 1891, appellate jurisdiction on error was given in all criminal cases either to this court or the Circuit Court of Appeals in favor of the accused, and, as to them, sections 651 and 697 of the Revised Statutes did not remain in force. And if the sections were repealed so far as defendants were concerned, we think it follows that this was so as to the United States, and that a certificate which could not be granted upon the request of the defendants could not be granted on the request of the prosecution.

In *United States* v. *Sanges*, 144 U. S. 310, it was held that the act of 1891 did not confer upon the United States the right to sue out a writ of error in any criminal case, and as that right was given in favor of the accused in all such cases, and review by certificate done away with without any specific saving in favor of the United States, we are ·of opinion that the reasoning in *Rider* v. *United States* applies, and that the act furnishes the exclusive rule. The appellate jurisdiction was increased in many respects by that act and was curtailed in others, and while enlarged in criminal cases in favor of

defendants, it was at the same time circumscribed as to the United States by the specific provisions relating to the particular subject, conceding that under the Revised Statutes the remedy by certificate was open to be availed of by the United States.

*Certificate dismissed.*