### RUTHVEN v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. April 9, 1915.)

#### No. 2545.

POST OFFICE ☞48—OFFENSES—SCHEME TO DEFRAUD—INDICTMENT.

    An indictment for the violation of Cr. Code (Act March 4, 1909, c. 321, § 215, 35 Stat. 1092 [Comp. St. 1913, § 10388]), making punishable one who, having devised a scheme to defraud, shall, for the purposes of executing such scheme, place a letter in any post office to be delivered by the post office establishment, need not allege that the scheme was to be effected by the use of the United States mails.

    [Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 67–80; Dec. Dig. ☞48.

    Nonmailable matter, see notes to Timmons v. United States, 30 C. C. A. 79; McCarthy v. United States, 110 C. C. A. 548.]

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Alfred L. Ruthven was convicted of using the mails in furtherance of a scheme to defraud, and he brings error. Affirmed.

Armand Romain, of New Orleans, La., for plaintiff in error.
Walter Guion, U. S. Atty., and Joseph W. Montgomery, Asst. U. S. Atty., both of New Orleans, La., for the United States.

Before PARDEE and WALKER, Circuit Judges, and MAXEY, District Judge.

PER CURIAM. The plaintiff in error was indicted, convicted, and sentenced for violation of section 215 of the Criminal Code. The record shows no bill of exceptions, and the only error assigned is that the trial court erred in overruling a general demurrer to the sufficiency of the indictment, and the contention here is that the indictment was insufficient, because the scheme therein set forth does not on its face sufficiently show a scheme to defraud within the law, and because it

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

fails to aver that the scheme and artifice of the plaintiff in error charged was to be effected by the use of the United States mails.

The indictment sufficiently charges a scheme or artifice to defraud. It was not necessary to charge that it was to be effected through and by the use of the United States mails, and this precise question has been lately before the Supreme Court, and there decided adversely to the contention of plaintiff in error. United States v. Young, 232 U. S. 155–161, 34 Sup. Ct. 303, 58 L. Ed. 548. On the authority of that case, the judgment of the District Court is affirmed.

Considering letters on file, addressed to the court, urging a speedy disposition of the case, mandate may issue at once.