## LIVEZEY v. UNITED STATES.

(Circuit·Court of Appeals, Fifth Circuit. March 10, 1922.)

No. 3764.

1. **Criminal ·law** ☞1149—**Motion to quash for incompetency or insufficiency of evidence before grand jury addressed to discretion of court.**

Denial of a motion to quash an indictment on the ground of the incompetency and insufficiency of the evidence before the grand jury on which it was based is within the discretion of the trial court, and will not usually be reviewed by an appellate court.

2. **Indictment and information** ☞125(3)—**Indictment for using mails to defraud held not bad for duplicity.**

An indictment for using the mails to defraud *held* no·· duplicitous, because it also charged that the scheme devised by defendants was to obtain money by means of false and fraudulent representations.

3. **Witnesses** ☞206—**Statements to attorney, made in presence of others, held not privileged.**

Testimony of an attorney as to statements made by defendant at a conference *held* not inadmissible as a privileged communication, where others were present and it did not appear that defendant was seeking legal advice.

4. **Criminal law** ☞432, 434—**Books and papers of corporation held admissible in prosecution of officers.**

Books of account, canceled checks, and other documents of a corporation, which came legitimately into the hands of its receivers and were delivered by them to the district attorney, *held* admissible in the prosecution of officers of the corporation for using the mails to defraud.

In Error to the District Court of the United States for the Northern District of Texas; James C. Wilson, Judge.

Criminal prosecution by the United States against William S. Livezey. Judgment of conviction, and defendant brings error. Affirmed.

Jed C. Adams and W. B. Harrell, both of Dallas, Tex., for plaintiff in error.

Henry Zweifel, U. S. Atty., of Fort Worth, Tex. (Ben P. Allred, Asst. U. S. Atty., of Fort Worth, Tex., on the brief), for the United States.

Before WALKER, BRYAN, and KING, Circuit Judges.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

BRYAN, Circuit Judge. Plaintiff in error, hereinafter called defendant, was convicted on an indictment charging him with having violated section 215 of the Penal Code (Comp. St. § 10385).

The District Judge had sustained a demurrer to a former indictment which sought to charge the same offense. A motion to quash the indictment in this case was made upon the ground that the evidence upon which it was found was insufficient and incompetent. Evidence was submitted in support of the motion, from which it appeared that the indictment was found upon the testimony of a post office inspector, and upon documentary evidence consisting of books of account, canceled checks and drafts, of minutes of directors' meetings of the Little Motor Kar Company, a corporation of which defendant was president, and of pamphlets, circulars, advertisements, and newspaper articles delivered to and transmitted by the post office establishment as mail matter. The post office inspector testified that prior to the time he appeared before the grand jury he had examined the books and papers of the Little Motor Kar Company, and that he was familiar with the documentary evidence above mentioned, and that he had examined certain buildings, which that corporation had erected for the ostensible purpose of being used in connection with the manufacture of automobiles at its plant in Texas; that the said buildings were poorly constructed and were not suitable for use for such purpose. Upon this showing the court denied the defendant's motion to quash the indictment.

The indictment charges that defendant and others devised a scheme "to defraud persons residing in the United States * * * of their money and property, * * * and to obtain from such persons money and property by means of false and fraudulent representations, pretenses and promises"; that the scheme was to obtain money on subscriptions to the capital stock of the Little Motor Kar Company, to devote only enough of the money so obtained to make a display, and to embezzle and convert the greater part of it. The indictment then sets out a printed advertisement and a letter, which it alleges the defendants deposited in the mails in furtherance of their scheme to defraud.

Over defendant's objection, the court admitted testimony of the company's attorney to the effect that he was present at a conference between defendant and two other officers of the company, and that the defendant then and there admitted that he had withdrawn thousands of dollars of funds on deposit to the credit of the company, with which he had purchased a farm in the state of Maryland, which he claimed and to which he had taken title in his own name. The attorney testified that he did not learn anything at the conference, and admitted that he had been indicted separately for complicity in the crime charged against the defendants then on trial. The bill of exceptions shows the following admission:

"It is also agreed that practically all the facts testified to by the witness W. T. Carlton and objected to as being privileged communications were matters of record in the files and records of the Little Motor Kar Company and introduced in evidence on this trial by the government. It is also agreed that in addition to and outside of this testimony given by the witness W. T. Carlton, and objected to by defendants, as shown above, there was other evi-

dence offered by the government sufficient to support the jury's finding of guilty."

Receivers of the Little Motor Kar Company had been appointed in Texas, Maryland, and Ohio. These receivers had come into possession of the books and papers of the corporation, and they delivered them to the post office inspector, or to the district attorney, for examination and for use as evidence at the trial of this case. Among these papers were also found many canceled checks showing payments of corporation funds in large amounts to the defendant. Over defendant's objection and exception, these books of account and canceled checks were admitted in evidence.

By appropriate assignments it is contended that the trial court erred: (1) In denying the motion to quash the indictment; (2) in overruling the demurrer to the indictment; (3) in admitting in evidence the attorney's testimony; (4) in admitting in evidence the corporation's books of account and canceled checks; (5) and in refusing to charge the jury as requested.

[1] 1. The courts are not in harmony as to the propriety of inquiring into the sufficiency or competency of evidence before grand juries. Some of the courts hold that such an inquiry is proper, while others refuse to go behind the indictment. The subject is discussed in a note in 47 L. R. A. (N. S.) 1207, to the case of Noll v. Dailey, 72 W. Va. 520, 79 S. E. 668, and in Commonwealth v. Hayden, 163 Mass. 453, 40 N. E. 846, 28 L. R. A. 318, 324, 47 Am. St. Rep. 468. According to the weight of authority among courts which permit inquiry, it is not sufficient to show that some of the evidence was incompetent, but it is essential to show also that the evidence was incompetent as a whole. It seems to be well established in the federal courts that, as a general rule, it lies within the discretion of the trial judge to entertain a motion to quash an indictment, and that its discretion will not usually be reviewed by an appellate court. United States v. Rosenburgh, 7 Wall. 580, 583, 19 L. Ed. 263; Holt v. United States, 218 U. S. 245, 31 Sup. Ct. 2, 54 L. Ed. 1021, 20 Ann. Cas. 1138; Radford v. United States, 129 Fed. 49, 63 C. C. A. 491; McGregor v. United States, 134 Fed. 187, 69 C. C. A. 477.

From the record before us, we are unable affirmatively to hold that the court below abused its discretion. The post office inspector had ample opportunity to become, and doubtless was, familiar with the affairs of the Little Motor Kar Company. It is entirely probable that he had also become familiar with the handwriting of the defendant, who signed checks on behalf of the company, and withdrew from its funds large amounts which he was charged with having embezzled and converted to his own use. This witness did not purport to repeat, at the hearing on the motion to quash the indictment, the testimony which he had given before the grand jury.

[2] 2. It is contended that the indictment is bad for duplicity, because it charges a scheme to defraud and also to obtain money by false and fraudulent representations. We do not think the objection is tenable. It is not pointed out in argument that there is a difference between a scheme to defraud and one to obtain money by false and

fraudulent representations, and we are unable to perceive any. The indictment sufficiently charges both a scheme to defraud and the use of the mails. Ruthven v. United States, 222 Fed. 70, 137 C. C. A. 364; Bartell v. United States, 227 U. S. 427, 33 Sup. Ct. 383, 57 L. Ed. 583; United States v. Young, 232 U. S. 155, 34 Sup. Ct. 303, 58 L. Ed. 548; Preeman v. United States, 244 Fed. 1, 156 C. C. A. 429.

[3] 3. Under the circumstances disclosed by the evidence, it is not made to appear that the court erred in overruling objections to the testimony of the company's attorney. It is not shown that he was representing the defendant at the conference with the other officers of the company. The testimony developed that he was present at an interview concerning the wrongful disposition of the company's funds, for which he was also afterward indicted. The rule which protects privileged communications between attorney and client does not apply in this case, in view of the fact that third parties were present. 28 R. C. L. 561. The attorney also testified that he gathered no information at this interview. He already knew of the existence of the facts admitted by the defendant, and which it is stipulated was shown by other evidence. Besides, it does not appear that the defendant was seeking legal advice.

[4] 4. The books of account, canceled checks, and other documentary evidence came legitimately, and without violation of the Fourth and Fifth Amendments to the Constitution, into the possession of the receivers of the Little Motor Kar Company. These papers and documents, so far as is shown by the bill of exceptions, did not belong to any of defendants, but to the corporation. The delivery by the receivers to the post office inspector, or to the district attorney, of the corporation's papers, did not violate any right of the defendant, and the documents were admissible in evidence. Hale v. Henkel, 201 U. S. 43, 26 Sup. Ct. 370, 50 L. Ed. 652.

5. The court refused to give in charge to the jury several written requests submitted by the defendant. No complaint is made of the correctness of the court's charge. It appears upon examination to have been fair and impartial, and to have covered exhaustively and in detail every phase of the case. Without stating the charges requested, it is enough to say that they present no question of law or fact that was not fully covered by the charges which the court gave of its own motion.

Error is not made to appear by any of the assignments, and the judgment is therefore affirmed.