## GAY v. UNITED STATES (two cases).

(Circuit Court of Appeals, Fifth Circuit. April 6, 1926.)

Nos. 4525, 4526.

1. **Courts ⬚337.**

Rev. St. § 914 (Comp. St. § 1537), as to conformity in federal courts to state practice has no application to criminal cases.

2. **Indictment and information ⬚133(7).**

Legal sufficiency of indictment should, in federal court, be tested by demurrer.

3. **Criminal law ⬚1149—Indictment and information ⬚136.**

Motion to quash is ordinarily addressed to discretion of trial court, and its refusal not reviewable.

4. **Indictment and information ⬚202(5)—Defect of indictment in not directly alleging defendant knew the person assaulted to be officer of internal revenue held technical and cured by verdict.**

Defect of indictment, charging willful assault on an officer of the internal revenue while engaged in the performance of his duty, in not directly alleging that defendant at the time knew the person assaulted to be such an officer, became technical; it appearing defendant had such knowledge, and so was cured by verdict.

5. **Criminal law ⬚1186(4)—Denying motion in arrest of judgment for technical defect of indictment, cured by verdict, is not error (Act Feb. 26, 1919 [Comp. St. Ann. Supp. 1919, § 1246]).**

Denying motion in arrest of judgment for defect of indictment which, in view of other allegations and evidence, became technical and cured by verdict, *held* not error, in view of Act Feb. 26, 1919 (Comp. St. Ann. Supp. 1919, § 1246).

6. **Criminal law ⬚824(1).**

Failure to charge as to a feature of the case is not error, in the absence of a request therefor.

7. **Obstructing justice ⬚11—Allegation of indictment for assault on officer with intent to prevent performance of his official duty held to sufficiently charge knowledge of his official capacity (Cr. Code, § 65 [Comp. St. § 10233]).**

Allegation of indictment under Cr. Code, § 65 (Comp. St. § 10233), for assault on officer of internal revenue, that assault was made with intent to prevent performance by him of his official duty, *held* a sufficient charge of defendant's knowledge of the capacity in which the person assaulted was acting at the time.

8. **Criminal law ⬚792(3)—Charge authorizing conviction on proof of aiding and abetting held correct (Cr. Code, § 332 [Comp. St. § 10506]).**

Charge that defendant could be convicted on proof that he was aiding and abetting others is correct, in view of Cr. Code, § 332 (Comp. St. § 10506), declaring a person so acting to be a principal.

In Error to the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Russell Gay and Roy Gay were separately indicted, tried, and convicted under Criminal Code, § 65 (2 F.[2d] 635), and separately bring error. Affirmed.

Bart. A. Riley, of Miami, Fla., for plaintiffs in error.

Wm. M. Gober, U. S. Atty., of Tampa, Fla., Harry Reinstine, Asst. U. S. Atty., of Jacksonville, Fla., Maynard Ramsey, Asst. U. S. Atty., of Tampa, Fla., and N. J. Morrison, Sp. Asst. Atty. Gen., for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judges. Two brothers, Roy Gay and Russell Gay, were indicted and tried separately for jointly assaulting a federal prohibition agent and destroying a pitcher of intoxicating liquor after it had been seized by that officer. The indictments

were based on section 65 of the Criminal Code (Comp. St. § 10233). The cases may be disposed of in a single opinion, as they arise out of the same state of facts.

The first count of the indictment against Roy Gay charges that he "did unlawfully and willfully forcibly assault, oppose, prevent, impede, and interfere with an officer of the internal revenue, to wit, one A. J. Ryals." It proceeds to charge that Ryals ·was then and there engaged in the execution of his duties in the enforcement of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). There was a verdict of guilty on this count only.

Russell Gay was convicted on three counts of the indictment against him. The first count charges that he "did unlawfully, knowingly, and feloniously forcibly assault, oppose, and interfere with a certain officer of the internal revenue, to wit, A. J. Ryals, said A. J. Ryals being then and there a federal prohibition agent, * * * engaged in the execution of his duties in the enforcement of the National Prohibition Act, * * * and the said Russell Gay aforesaid did then and there in such forcible assault, opposition, and interference use a deadly weapon, to wit, a knife, * * * with intent to commit bodily injury upon the said A. J. Ryals aforesaid, and to deter and to prevent him from the discharge of his duties aforesaid." The second count, except as to the name of the defendant, is in the same language as the first count of the indictment against Roy Gay. The third count charges the destruction of a pitcher of intoxicating liquor after it had been seized by Ryals while acting in his capacity as prohibition agent. Russell Gay's sentence was not as great as could have been imposed under the first count.

In each case the court denied a motion to quash the indictment on the ground that it failed to allege that the defendant knew Ryals was a prohibition agent. Ryals testified that he was a prohibition agent; that he went into a restaurant where he saw Roy Gay serving drinks of intoxicating liquor out of a pitcher; that he bought a drink, tested it, found that it was whisky, seized the pitcher and told Roy Gay that he was a federal officer; that Gay replied that he did not care if he was; that both defendants thereupon assaulted Ryals, took the pitcher away from him, and poured the whisky out; and that on the same occasion Russell Gay attacked him with a butcher knife. In Roy Gay's case the court omitted to instruct the jury that there could be no conviction unless the defendant knew Ryals

was a prohibition agent. Exceptions were taken to portions of the court's charge, but it is not contended that those portions contain any incorrect statement of the law, and no request was made to charge upon the subject of that defendant's knowledge of the capacity in which Ryals was acting at the time of the assault.

In Russell Gay's case an exception was taken to a charge to the effect that if that defendant. acted in concert with others in aiding and abetting them in destroying the pitcher of liquor, he would be as guilty as if he himself had actually destroyed it.

In each case the court denied a motion in arrest of judgment. In behalf of each defendant it is contended that the indictment against him charges no offense, and that the court erred in its charge to the jury.

[1-6] First, as to Roy Gay's case. Section 914 of the Revised Statutes (Comp. St. § 1537), which requires conformity as near as may be in federal courts to the "practice, pleadings,. and forms and modes of proceeding in civil causes," has no application to criminal cases. In federal courts the legal sufficiency of an indictment should be tested by demurrer. A motion to quash is ordinarily addressed to the discretion of the trial court, and is not the subject of review by an appellate court. United States v. Rosenberg, 7 Wall. 580, 19 L. Ed. 263; United States v. Hamilton, 109 U. S. 63, 3 S. Ct. 9, 27 L. Ed. 857; Durland v. United States, 161 U. S. 306, 16 S. Ct. 508, 40 L. Ed. 709; 1 Chitty's Criminal Law, 299; 31 C. J. 797. It is not to be denied that the indictment in this case is faulty, and that it ought to have alleged in direct, positive terms that the defendant at the time he made the assault knew that Ryals was a prohibition agent. But we are of opinion that the defect should not be considered fatal after verdict upon a motion in arrest. The indictment charges a willful assault upon and an interference with an officer of the internal revenue, while he was engaged in the performance of his official duty. That charge at least informed the defendant that he was being prosecuted for more than an assault that would ordinarily be punishable in a state court. The indictment is not void, as it does not wholly fail to charge an offense. Rosen v. United States, 161 U. S. 29, 16 S. Ct. 434, 480, 40 L. Ed. 606. The uncontradicted evidence is that, at the time the defendant made the assault, he knew he was making it upon a federal officer who was acting in the discharge of his duty. Under the circumstances of this particular case, and because of de-

fendant's actual knowledge, the defect in the indictment became technical only, and was cured by the verdict. It follows that it was not error to deny the motion in arrest, especially in view of the Act of February 26, 1919. 40 Stat. L. 1181 (Comp. St. Ann. Supp. 1919, § 1246). There was no error in the court's charge in this case. Error will not be imputed to a trial court for failure to include in its charge a correct proposition of law applicable to the facts. It was defendant's duty to request an instruction upon the subject of his knowledge of the capacity in which Ryals was acting if it was his desire that a charge on that subject be given.

[7, 8] What has already been said is sufficient to dispose of the motions to quash the indictment and in arrest submitted by Russell Gay. In addition, the allegation in the indictment that the assault was made with intent to prevent the performance by Ryals of his official duty was a sufficient charge of defendant's knowledge of the capacity in which Ryals was acting at the time the assault was made, for he could not have intended to prevent the discharge of a duty unless he knew that the duty existed. The court's charge that Russell Gay could be convicted upon proof that he was aiding and abetting others to destroy the property seized, although he himself did not destroy it, is claimed to be erroneous on the theory that defendant is charged with being an accessory before the fact. One who aids and abets another in the commission of a crime is a principal. Criminal Code, § 332 (Comp. St. § 10506). The charge complained of was correct.

There are other assignments of error, but in our opinion they are without merit.

The judgment in each case is affirmed.