## WASHER v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit.
April 6, 1926.)

No. 4527.

1. **Post office** 48(1)—**Indictment for depositing nonmailable matter in mails held to impute knowledge of contents to accused (Criminal Code, § 217 [Comp. St. § 10387]).**

In an indictment for violation of Criminal Code, § 217 (Comp. St. § 10387), an averment that accused "unlawfully, willfully, and knowingly" deposited in the mails a package containing intoxicating liquors imputes to him knowledge of the contents of the package.

2. **Criminal law** 684, 1153(3)—**Refusal to admit testimony in chief after close of rebuttal discretionary, and reviewable only for abuse of discretion.**

Refusal to admit evidence in support of defendant's defense in chief after close of rebutted testimony was within the discretion of the court, and is reviewable only for abuse of that discretion.

In Error to the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Criminal prosecution by the United States against Harry Washer, alias Harry the Jew. Judgment of conviction and defendant brings error. Affirmed.

Bart. A. Riley and M. H. Rosenhouse, both of Miami, Fla., for plaintiff in error.

Wm. Gober, U. S. Atty., of Tampa, Fla., A. W. Henderson, Sp. Asst. Atty. Gen., Harry W. Reinstine, Asst. U. S. Atty., of Jacksonville, Fla., and Maynard Ramsey, Asst. U. S. Atty., of Tampa, Fla. (Wm. F. Stern, on the brief), for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is a prosecution for depositing in a post office for mailing two parcel post packages containing intoxicating liquors, in violation of section 217 of the Criminal Code (Comp. St. § 10387).

[1] The indictment charges that the defendant Harry Washer "unlawfully, willfully, and knowingly" deposited two packages in the post office at Miami, to be sent and delivered by the post office establishment to a named person in Chicago. It does not directly allege that defendant knew the packages contained intoxicating liquor, and on that ground defendant contends that the court erred in refusing to sustain his motions to quash and in arrest of judgment.

We are of opinion that the motions were properly denied for reasons stated in the case of Roy Gay v. United States (C. C. A.) 12 F.(2d) 433, this day decided. Besides, the objection to the indictment, in our opinion, is ruled adversely to defendant's contention in Rosen v. United States, 161 U. S. 29, 16 S. Ct. 434, 480, 40 L. Ed. 606, where it is said that the defendant "must have understood from the words of the indictment that the government imputed to him knowledge or notice of the contents of the paper so deposited," and that the words "unlawfully, willfully, and knowingly," which also appear in the indictment in this case, "could not have been construed as applying to the mere depositing in the mail of a paper the contents of which at the time were wholly unknown to the person depositing it."

There is an assignment of error that the packages which were offered in evidence were not shown to be the same as those deposited in the post office; but we think the evidence abundantly shows that they were the same, or at least that the jury had evidence sufficient to support the inference that they were. [2] A final assignment of error is based on the trial court's refusal to allow a witness to testify in surrebuttal in support of the defense of alibi. It appears from the bill of exceptions that, after the government rested, several witnesses gave testimony for defendant which tended to show that he was not in Miami at the time the packages were mailed; that at defendant's request the court took a recess until the following day, so as to give time to procure the attendance of one Bell as a witness; that upon the reconvening of the court on the next day defendant rested, although Bell had not testified. The government then put on testimony tending to rebut the defense of alibi, and announced that it had closed its case. Defendant offered one witness in surrebuttal, and then tendered Bell as a witness, his counsel stating that a subpoena had been issued for that witness the night before, and offered to prove by him that defendant was in the city of Washington two days after the packages were mailed. But the District Court sustained an objection by the district attorney on the ground that the proffered testimony was not in surrebuttal, but was in support of defendant's case in chief.

The reopening of a case is in the discretion of the trial court, and is not reviewable, except for an abuse of that discretion. There was a lack of diligence in securing Bell's attendance. It seems that no effort was made to that end until after the unusual request for adjournment had been made and

granted. If Bell had been allowed to testify, then the court might have had to pass upon a request to reopen the case again for the government, to the confusion of issues in the minds of the jury. We are unable to say that the trial court erred in the ruling of which complaint is made.

The judgment is affirmed.