NANFITO v. UNITED STATES. St. LUCAS v. SAME. GIBILISCO v. SAME (two cases).

Circuit Court of Appeals, Eighth Circuit.
June 13, 1927.

Nos. 7381-7384.

1. Indictment and information ⊳137(2)—That no colored persons were called for grand jury duty held not ground for quashing indictment.

That no colored persons were called for service on a grand jury is not ground for quashing an indictment found in the absence of showing that such persons were excluded on account of race or color.

2. Criminal Law ⊳1149—Indictment and information ⊳136—Ruling on motion to quash indictment is discretionary and not ordinarily reviewable.

A motion to quash is addressed to the discretion of the court, and its ruling, ordinarily, will not be reviewed by an appellate court.

3. Indictment and information ⊳10—Evidence received before grand jury must be competent legal evidence.

Evidence received before a grand jury must be competent legal evidence, such as is competent before a petit jury.

4. Indictment and information ⊳10—Testimony before grand jury of wife of one of those indicted held not rendered competent as to others by husband's subsequent plea of guilty.

Testimony of a wife before a grand jury, resulting in indictment of her husband and others, was incompetent when given, and is not rendered competent as to the others indicted by a plea of guilty by the husband.

5. Criminal law ⊳789(1)—Clear instruction defining reasonable doubt must be given.

Defendant is entitled to clear instruction defining reasonable doubt, and failure to give it on request is error.

6. Criminal law ⊳778(4)—Refusal to instruct that indictment was not evidence and did not affect presumption of innocence held error.

Refusal to instruct that indictment is not evidence against defendants and does not affect presumption of innocence *held* error.

**7. Criminal law ⊗⟹776(1)—Refusal to instruct that evidence of good character should be considered held error.**

Refusal to instruct that evidence of good character should be considered *held* error, where the prosecution relied chiefly on testimony of admitted accomplices.

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Criminal prosecution by the United States against Tony Nanfito, Joe St. Lucas, Rosario Gibilisco, and Sam Gibilisco. Judgment of conviction, and defendants separately bring error. Reversed and remanded.

E. D. O'Sullivan, of Omaha, Neb. (W. N. Jamieson, C. J. Southard, William E. Lovely, Joseph M. Lovely, John D. Wear, and Ray T. Coffey, all of Omaha, Neb., on the brief), for plaintiffs in error.

George A. Keyser, Asst. U. S. Atty., of Omaha, Neb. (James C. Kinsler, U. S. Atty., and Ambrose C. Epperson, Andrew C. Scott, all of Omaha, Neb., and William J. Froelich, of O'Neill, Neb., Asst. U. S. Attys., on the brief), for the United States.

Before WALTER H. SANBORN and BOOTH, Circuit Judges, and KENNAMER, District Judge.

KENNAMER, District Judge. Plaintiffs in error were charged by an indictment containing seven counts with the violation of section 3257 of the Revised Statutes of the United States (Comp. St. § 5993), in defrauding and attempting to defraud the government of a tax on distilled spirits; section 3281 of the Revised Statutes of the United States (Comp. St. § 6021), in distilling with intent to defraud the government of a tax; section 3282 of the Revised Statutes of the United States (Comp. St. § 6022), in making and fermenting mash on premises other than a distillery; and section 37 of the Penal Code of the United States (Comp. St. § 10201), in conspiring to violate sections 3257, 3281, and 3282 of the Revised Statutes. Certain other defendants were indicted with plaintiffs in error, but were not tried with them.

The defendants, Joe St. Lucas, Tony Nanfito, Rosario Gibilisco, Sam Gibilisco, and Frank D. Close, filed a motion to quash the indictment, which motion was overruled on the day it was filed, the court refusing to admit any evidence offered in support of the same. A challenge to the array or panel of jurors filed by the defendants was overruled and thereafter, the above-named defendants filed a special demurrer, which was likewise overruled. Five of the defendants, to wit, Frank D. Close, Louise Vinciquerra, Sebastiano Vinciquerra, Earl C. Hanning, and Tony Cortese, pleaded guilty to the indictment. The defendants St. Lucas, Nanfito, Gibilisco, and Gibilisco pleaded not guilty, and were tried, found guilty on each of the seven counts of the indictment, and sentenced to imprisonment of six months and to the payment of a fine of $500, the imprisonment to run concurrently, as regards each of the seven counts. Thereafter a motion for a new trial and a motion in arrest of judgment were filed, both of which were overruled. From the judgment and sentence of conviction, the defendants have sued out a writ of error to this court.

The facts disclosed by the record are that the plaintiffs in error, together with one Hanning, who, at and prior to the time of the indictment, was a federal prohibition agent, entered into a conspiracy to manufacture whisky. Suitable premises were obtained just outside the city of Omaha, Neb., where a distillery containing three stills was established. Each of the persons entering into the conspiracy for the manufacture of the whisky and for the carrying on of the business of a distillery either paid in a definite sum of money, or were to perform services, and all were to share in the profits and proceeds of the undertaking. The record further shows that a large quantity of whisky was manufactured and sold by the parties and the business of operating a distillery was carried on for a brief period of time. Certain of those entering into the conspiracy, above enumerated, entered pleas of guilty and testified on behalf of the government at the trial of the case. The record discloses that several witnesses were called on behalf of the defendants who testified as to the good character of the defendants St. Lucas and Nanfito.

There are 19 assignments of error in the writ, many being without merit. Only those containing merit will be herein discussed, which are briefly the assignments setting forth the refusal of the trial court to quash the indictment, error of the trial court in overruling the special demurrer to the indictment, refusal of the court to define reasonable doubt when same was requested, refusal of the trial court to instruct the jury that the indictment should not be considered as evidence against the defendants, and refusal of the trial court to instruct the jury upon the consideration of the evidence of good character.

[1] The first ground presented in support of the motion to quash the indictment is that no colored persons were called to serve upon the grand jury returning the indictment. The record does not disclose that any colored people were deliberately or intentionally not called for jury service, because of their race or color. In the absence of a showing that colored persons were excluded from jury service on account of their race or color, we are unable to see how these defendants were prejudiced or injured because of the absence of colored persons on the grand jury.

It is further contended by plaintiffs in error that there was no competent evidence before the grand jury returning the indictment. This contention is worthy of much consideration. At the trial of the case, the defendants, plaintiffs in error, made an offer of proof to establish the fact that the only witness who testified before the grand jury upon which the indictment is predicated, was Louise Vinciquerra, who was indicted in this cause along with Sebastiano Vinciquerra, her husband. It is insisted that the testimony of the wife was incompetent, because of the indictment of the husband in the same transaction involving the commission of a crime. The motion to quash the indictment was filed on the day on which the case was tried. However, the trial court considered the matter as having been timely filed and presented. The question of insufficiency of evidence before the grand jury cannot be taken advantage of for the first time at the opening of the trial.

[2] A motion to quash an indictment is addressed to the discretion of the court and will ordinarily not be reviewed in an appellate court. United States v. Rosenberg, 74 U. S. (7 Wall.) 580, 19 L. Ed. 263; Lewis v. United States (C. C. A.) 295 F. 441; Durland v. United States, 161 U. S. 306, 16 S. Ct. 508, 40 L. Ed. 709. However, as the trial court did not predicate his ruling upon the delay in the attack on the indictment, we shall consider the same upon its merits. It has become accepted as a general rule that investigations before the grand jury should be made in accordance with the well-established rules of evidence, United States v. Bolles (D. C.) 209 F. 682; and ample justification exists for such a rule, in order that the time of the trial courts may not be consumed in disposing of matters incapable of proof by competent evidence; and further that persons may not be indicted upon mere suspicion. It well may be observed that grand juries are summoned for the purpose of inquiring into crimes. It is therefore an informing and accusing body, rather than a judicial tribunal. United States v. Belvin (C. C.) 46 F. 381; United States v. Kilpatrick (D. C.) 16 F. 765.

[3] It has been established that the evidence received before a grand jury must be competent, legal evidence, such as is competent before a petit jury, United States v. Reed, Fed. Cas. 727, No. 16,134, 2 Blatchf. 435, and this is a proper rule for the guidance of grand juries.

[4] In the instant case, the husband of the witness testifying before the grand jury, entered a plea of guilty. He was, therefore, not on trial with plaintiffs in error, and this court has held that the testimony of a wife of a codefendant is competent against a defendant, where the codefendant had, prior to the defendant's trial, pleaded guilty, upon the principle that the witness had no further interest in the matter. Astwood v. United States, 1 F.(2d) 639. We are thus presented with the proposition of the competency of Louise Vinciquerra to testify before the grand jury returning the indictment under which the plaintiffs in error have been convicted. A grand jury, in the course of its inquisitorial duties, should be permitted to accuse and indict all persons who have violated the laws when sufficient evidence is presented to them by competent witnesses. The competency of the witnesses and the competency of the evidence must be determined by the established rules of evidence. We are of the opinion that the testimony of the wife before the grand jury resulting in the indictment of her husband and plaintiffs in error for the commission of a crime was incompetent at the time it was given, and a subsequent plea of guilty by the husband cannot render the testimony competent which was incompetent when given. The trial court should have permitted the defendants to make a showing in support of their motion to quash.

[5] Another proposition presented is that the court refused to define reasonable doubt in the charge to the jury. The record discloses that such a request was made by the defendants of the trial court, but the same was refused. The court should have defined reasonable doubt in the instructions to the jury. The accused is entitled to a clear and full instruction as to what is meant by the term reasonable doubt and a failure to instruct upon request constitutes error. Schencks v. United States, 55 App. D. C. 84, 2 F.(2d) 185; Egan v. United States, 52 App. D. C. 384, 287 F. 958; 16 C. J. 989, par. 2396.

[6] Error is assigned to the refusal of the

trial court to grant the request of the defendants to instruct the jury that the fact that the government had accused the defendants in writing by the indictment of the alleged offenses did not overcome or impede the prima facie presumption of their innocence. At the trial, the defendants requested such an instruction, which was refused by the trial judge. This court, in the case of Cooper v. United States, 9 F.(2d) 216, held:

"That the refusal of the defendants' requested instruction that the indictment is of itself a mere formal accusation, and not to be considered as evidence of guilt, and that jurors should not suffer themselves to be influenced by the fact that the indictment was returned against defendants, where the court's charge contained nothing to the same effect, held error, and to require reversal."

[7] Plaintiffs in error requested the trial judge to charge the jury that the evidence of good reputation should be considered together with all the other evidence in the case. The trial court refused to charge the jury as to the evidence of good reputation and this refusal is assigned as error. The refusal of the court to charge the jury concerning the good reputation of the defendants, Nanfito and St. Lucas was error. Egan v. United States, supra. It should be observed that in a case in which the government relies chiefly for its prosecution upon the evidence of admitted accomplices, as in the instant case, it is important that the jury be specifically instructed as to the proper consideration to be given evidence of good character.

Section 269 of the Judicial Code (Comp. St. 1919, Supp. § 1246) has been relied upon by the government to sustain the conviction herein. It is, in part, as follows: "On the hearing of any appeal, certiorari, writ of error, or motion for a new trial, in any case, civil or criminal, the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties."

This section was applied in the case of Furlong v. United States, 10 F.(2d) 492, in which this court held that the errors complained of in the Furlong Case were technical and did not affect the substantial rights of the defendant. We have no fault to find with the application of the above statute in a case presenting merely technical errors, in which no prejudice has occurred to the defendant. In criminal cases, the government has the burden of proving, beyond a reasonable doubt, the case against the defendant charged in the indictment in every material part. The law demands an acquittal unless every material fact upon which a conviction depends is proved beyond a reasonable doubt to the satisfaction of each individual juror. These are fundamental rights and safeguards that must be accorded every defendant. The errors presented herein were prejudicial and certainly affect the substantial rights of the defendants. Such errors exceed the bounds of technicalities and encroach upon substantive rights accorded every defendant in criminal actions.

The judgment of the trial court is reversed, and the cause is remanded to the trial court for further proceedings not inconsistent with this opinion.