## LUXENBERG v. UNITED STATES.*
### No. 2941.

Circuit Court of Appeals, Fourth Circuit.
Nov. 17, 1930.

*Certiorari denied 51 S. Ct. ―, 75 L. Ed. ―.

Charles N. Campbell, of Martinsburg, W. Va., and Sam T. Spears, of Elkins, W. Va. (Howard H. Emmert, of Martinsburg, W. Va., on the brief), for appellant.

498

William C. Howard, Asst. U. S. Atty., of Wheeling, W. Va., and Frank E. Parrack, Asst. U. S. Atty., of Kingwood, W. Va. (Arthur Arnold, U. S. Atty., of Piedmont, W. Va., on the brief), for the United States.

Before NORTHCOTT, Circuit Judge, and McCLINTIC and HAYES, District Judges.

HAYES, District Judge.

The defendant was convicted and sentenced for a conspiracy to conceal assets from his trustee in bankruptcy. His appeal presents eighteen assignments of error, but he concedes there is no reversible error in assignments Nos. 3, and 13 to 17, inclusive.

Assignments 1 and 2 question the rejection of a plea in abatement and motion to quash indictment for that the indictment was returned by the grand jury without any competent evidence, as the defendant was informed and believed. These assignments are without merit for many reasons, but primarily the motions and affidavits do not state facts but mere conclusions and the conclusions are only stated on information and belief.

A ruling on a plea in abatement of this character is not reviewable on appeal. 28 USCA § 879. Barnsdall v. Waltemeyer (C. C. A.) 142 F. 415, certiorari denied 201 U. S. 643, 26 S. Ct. 759, 50 L. Ed. 902.

A motion to quash indictment is ordinarily addressed to the discretion of the court, and a refusal to quash is not ordinarily assignable for error. United States v. Rosenberg, 5 Wall. 580, 583, 19 L. Ed. 263; Logan v. United States, 144 U. S. 263, 12 S. Ct. 617, 36 L. Ed. 429; Durland v. United States, 161 U. S. 314, 16 S. Ct. 508, 40 L. Ed. 712; Chadwick v. United States (C. C. A.) 141 F. 225, 235; Dillard v. United States (C. C. A.) 141 F. 303, 305; Hillegass v. United States (C. C. A.) 183 F. 199, 200; Lewis v. United States (C. C. A.) 295 F. 441; Stewart v. United States (C. C. A.) 300 F. 769.

"As a motion to quash is always addressed to the discretion of the court, a decision upon it is not error, and cannot be reviewed on a writ of error." United States v. Hamilton, 109 U. S. 63, 3 S. Ct. 9, 27 L. Ed. 857.

The courts are not in unison as to the propriety of inquiring into the evidence produced before the grand jury. While the federal courts recognize the right to entertain a motion to quash, it is regarded discretionary, and the ruling presents no question for review. Livezey v. United States (C. C. A.) 279 F. 496. The record here discloses no abuse of discretion.

Assignment 4 is to the refusal to order the taking of depositions of defendant's witnesses residing out of the state. It is urged that the West Virginia statute in regard to taking depositions controls. We cannot accept this view. Congress has made provision for service and attendance of witnesses in criminal cases. It was early determined that no power existed in the federal courts to order the taking of depositions in criminal cases. United States v. Thomas, Fed. Cas. No. 16,476. They were unknown and unauthorized at common law. 8 R. C. L. pp. 86 and 1134.

Assignments 5, 6, and 8 are to the refusal to direct a verdict of not guilty at the close of the evidence for the United States, and at the close of all the evidence, and to set aside the verdict. We have carefully examined the evidence and find no error. The evidence, if believed, was fully sufficient to support the verdict.

At the close of the evidence for the United States, defendant moved to strike out overt acts 1, 2, 3, 5, 8, and 9 from the indictment. No reason was assigned at the trial why they should be stricken. It is now urged that they are indefinite and insufficient to constitute overt acts of the conspiracy charged. The indictment, containing but one count, charged a general conspiracy in anticipation of bankruptcy to conceal from the trustee in bankruptcy $5,000 in money and goods, wares, merchandise, and other property, the total value and more definite description of which were to the jurors unknown. It set forth thirteen overt acts alleged to be committed in furtherance of, pursuant to, and to effect the object of the conspiracy. The averments of the conspiracy cannot be aided by the allegations respecting the overt acts. United States v. Britton, 108 U. S. 199, 205, 2 S. Ct. 531, 27 L. Ed. 698; Joplin Mercantile Co. v. United States, 236 U. S. 531, 535, 35 S. Ct. 291, 59 L. Ed. 705. The overt act need not be a criminal act, nor need it constitute the very crime that is the object of the conspiracy. Pierce v. United States, 252 U. S. 239, 244, 40 S. Ct. 205, 64 L. Ed. 542. In view of the general and specific allegations of the conspiracy here, a careful examination of each overt act and the allegations relating thereto convinces us that they are sufficiently specific and sufficient to stand against the

motion to strike. Each related to and was a necessary act in the completion of the offense which the conspiracy contemplated.

 There was no error in admitting in evidence the checks and application for life insurance calling for a premium of $419.20 immediately after bankruptcy. The evidence tended to show his financial condition. Assignments 9 and 10 relate to these facts. The court refused to have witness answer a question which is assigned as error No. 11. It does not appear what his answer would have been and no error appears on the record. We cannot assume one was committed.

The last exception is taken to an isolated portion of the charge. While the portion excepted to, if standing alone, might constitute error, when taken in connection with the statements relating to it, is free from the criticism directed at it and leaves no doubt in our minds as to its meaning and the construction placed thereon by the jury. The instruction clearly informed the jury it could not convict for a conspiracy to conceal assets if the bankrupt had none; if he had absolutely parted with the title and all right, expressed or implied, to repossess it; but the giving of it to another person with knowledge thereof for the mere purpose of keeping the same from the trustee, would render them guilty.

There is no reversible error, and the judgment below is affirmed.

Affirmed.