390

## BOLLING v. UNITED STATES.
### REILLY v. SAME.
#### Nos. 7645, 7660.

Circuit Court of Appeals, Fifth Circuit.
March 28, 1935.

Rehearing Denied April 13, 1935.

W. J. Rogers, of San Antonio, Tex., for appellant Bolling.

Egbert Schweppe and G. B. Johnson, both of San Antonio, Tex., for appellant Reilly.

W. R. Smith, Jr., U. S. Atty., and Ben F. Foster, Asst. U. S. Atty., both of San Antonio, Tex.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

Appellants Bolling and Reilly were convicted of using the mails for the purpose of executing a scheme to defraud, and for obtaining money by means of false and fraudulent pretenses and representations, in violation of 18 USCA § 338.

The indictment alleges that the persons intended to be defrauded had previously invested in shares or interests in either or both of two oil companies. A large number of representations it was alleged were false. The court withdrew several of them, but left others for the consideration of the jury. Separate appeals have been taken, but they will be disposed of in this opinion, since appellants were tried together on the same indictment.

Appellants each rely on a motion for directed verdict, and on the refusal of the court to charge the jury seriatim that each of the representations submitted to them had not been proven to be false. The district judge rightly held as we think that the evidence was sufficient to sustain a finding by the jury that each of such representations was false. It was therefore not error either to deny the motions for directed verdicts, or to refuse to give any of the requested instructions. Bolling alone makes the further assignment that the court erred in permitting the witness Simmang, an attorney, to testify concerning communications with him on the ground that Simmang was his attorney. But Simmang denied that the relationship of attorney and client existed between him and Bolling during the time covered by his testimony. In view of that testimony, Simmang was a competent witness. Livezey v. United States (C. C. A.) 279 F. 496.

Error is not made to appear by any of the assignments, and the judgments are affirmed.