UNITED STATES v. COHEN et al.

United States District Court
S. D. New York.
July 15, 1953.

956

J. Edward Lumbard, Jr., U. S. Atty., New York City, Richard Owen, Asst. U. S. Atty., New York City, for United States.

Milton C. Weisman and Lester Samuels, New York City, for defendants Helfer, King and Weiger.

Harper & Matthews and Harold Harper, New York City, for defendant Shepard Shaff.

Harold J. McAuley, New York City, for defendant Irving Koch.

WRIGHT, District Judge.

The indictment charges twenty-one defendants with a conspiracy to defraud the

United States in the exercise of its governmental function concerning the official inspection of eggs and concerning its right to have the lawful functions of the Grading Division of the Department of Agriculture administered free from corruption and bribery. 18 U.S.C. § 371. It charges that the defendants conspired to bribe three United States Department of Agriculture egg inspectors, two of whom are named as defendants and the third, one Lamcke, is named a co-conspirator but not indicted.

Motions have been filed by the various defendants asking a dismissal of the indictment on the ground that it does not state an offense and on the ground that the evidence to be produced in support thereof will show several conspiracies rather than the one charged. In support of the latter, defendants urge that an inspection of the transcript made before the Grand Jury should be had in order to determine whether the evidence shows one or multiple conspiracies. In the alternative, the defendants ask for a bill of particulars.

The motions to dismiss on the ground that the indictment does not state an offense are not seriously urged. Nor could they be. The indictment itself follows the classic or orthodox lines of a conspiracy count and it is clear that it is an offense to defraud the government by conspiring to impair, obstruct and defeat the lawful functions of any department thereof. Haas v. Henkel, 216 U.S. 462, 30 S.Ct. 249, 54 L. Ed. 569.

Defendants seriously urge the motion to dismiss based on the ground that the evidence will show, or that the evidence taken before the Grand Jury does show, more than one conspiracy. In support thereof they make the novel suggestion[1] that the

1. In United States v. Foster, D.C.S.D.N.Y.1948, 80 F.Supp. 479 at page 483, this Court, while granting an inspection because of the unusual circumstances there presented, set forth the general rule as follows:

"The writer will not disregard the time honored precedent in this court not to grant an inspection of the minutes. In United States v. Garsson, D.C.S.D.N.Y. 1923, 291 F. 646, 649, Judge Hand, now Senior Circuit Judge in this Circuit, said:

" 'Finally, the defendants, recognizing that it is difficult to make a case for quashal by the scraps of evidence accessible, move for inspection of the grand jury minutes. I am no more disposed to grant it than I was in 1909. United States v. Violon, C.C. 173 F. 501. It is said to lie in discretion, and perhaps it does, but no judge of this court has granted it, and I hope none ever will.' "

court inspect the Grand Jury transcript, or better still, that the defendants themselves inspect it to determine at this time whether or not there is any evidence to support the charge of a single conspiracy. The burden of defendants' argument is that those defendants, who are New York City egg dealers, are competitors and hence not conspirators; that if the government's case shows anything, it merely shows that individual dealers acting on their own, and not in concert with others, bribed government inspectors. They rely heavily on Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557, in which a single conspiracy was charged and multiple conspiracies proved and in which the Supreme Court held that since the charge as laid in the indictment was not proved, the defendants were entitled to a judgment of acquittal.

■ Defendants' argument seems to be that the ruling in Kotteakos requires a District Judge, on a motion to dismiss, to inspect, or allow inspection of, the Grand Jury transcript in order to determine whether or not the government will eventually be able to prove the single conspiracy charged in the indictment. Obviously, Kotteakos is authority for no such procedure.[2] The ruling in the Kotteakos case came after a full trial on the merits and after admission by the government that its proof did establish several, rather than one conspiracy.

■ Assuming, however, that Kotteakos would require a District Judge at this stage of the proceedings to go behind the indictment to determine what the government's proof will eventually show, defendants are still not entitled to the relief sought.

■ It is clear that where there is some legal evidence taken before the Grand Jury to support the indictment, the court's inquiry is at an end. The court cannot go be-

hind the indictment and determine whether or not the government's proof is sufficient for conviction or even for indictment, these matters being within the province of the petit and grand juries. McGregor v. United States, 4 Cir., 134 F. 187; United States v. Herzig, D.C., 26 F.2d 487; United States v. Lehigh Valley R. Co., D.C., 43 F.2d 135; United States v. Siebrecht, D.C., 44 F.2d 824; United States v. Frontier Asthma Co., D.C., 69 F.Supp. 994.

■ Applying that law to the present case there can be no question that an inference of conspiracy can properly be drawn from the evidence which was admittedly adduced before the Grand Jury. The confession of the conspirator Lamcke, who testified before the Grand Jury, shows that the egg dealer defendants herein are a close-knit group; that their places of business adjoin each other geographically; that defendants not only knew each other well but in some instances are blood relatives; and that all of them paid the identical bribe of 10¢ a case to government inspectors for the issuance of certificates on eggs which in all respects were not up to standard. What inferences the Grand Jury drew from these and other facts which were admittedly before it, or what inferences the petit jury, before which this case will be tried, will draw from the full delineation of the government's proof, is not for this court. Suffice it to say, there is at least some evidence which will support an inference of a single conspiracy; not that this court would draw such inference, but that reasonable men might differ on whether such inference should be drawn.

Alternatively, defendants have moved for a bill of particulars. The facts before this court on the motion show that this entire matter has been the subject of open and public hearings before the Department of Agriculture; that as a result of these hearings, the grading privileges granted to some

2. A motion to dismiss an indictment for absence of competent evidence before the Grand Jury is addressed to the discretion of the court and the burden is upon the. defendants to overcome the presumption of the validity of an indictment regularly returned. United States v. Rosenburgh, 7 Wall. 580, 74 U.S. 580, 19 L.Ed. 263; Stewart v. United States, 8 Cir., 300 F. 769; United States v. Lynch, D.C., 11 F.2d 298; Nanfito v. United States, 8 Cir., 20 F.2d 376; Gridley v. United States, 6 Cir., 44 F.2d 716; Sutton v. United States, 9 Cir., 79 F.2d 863.

of these defendants were revoked; that the dealers moved without avail in the District Court for the District of Columbia to restrain this revocation; and that Lamcke, the central conspirator, has himself already been tried before this court on two occasions for accepting the bribes which are the principal part of the government's proof in this case. It is difficult to imagine a case in which a more complete disclosure of the evidence upon which the government will rely for conviction has been made prior to trial. If there is such case, it has escaped the attention of this court.

██ The purpose of a bill of particulars is to apprise the accused of the nature of the charge with such clarity that he may prepare for trial without fear of surprise and may avail himself of acquittal or conviction in a subsequent prosecution for the same offense. Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545. It must be remembered that a criminal proceeding is a very adversary proceeding where the liberty and reputation of the defendants are at stake. The defendants should therefore be given every reasonable opportunity and facility for the preparation of their defense. At the same time, the door should not be opened to the defendants to discover the details of the government's case, for it is conceivable that some defendants in some cases may improperly use this information in frustration of the administration of justice.

██ The defendants Trugman and Wool have moved for a severance on the ground that these defendants are not parties to the conspiracy and therefore the evidence produced at the trial against the other defendants would prejudice their rights. If the defendants Trugman and Wool are not parties to the conspiracy, they are entitled to an acquittal. If they are parties to the conspiracy, then the evidence adduced against the other defendants is admissible against them. There is only one offense charged, that is a conspiracy in which, it is alleged, Trugman and Wool as well as the other defendants participated. It is hornbook that activities and statements of each conspirator pursuant to the conspiracy are admissible against all co-conspirators. Con-

sequently, if Trugman and Wool participated in the conspiracy, they cannot be prejudiced by proof of acts and statements in furtherance of the conspiracy attributed to the other defendants.

All motions denied, with the exception of that portion of defendant Koch's motion which has been consented to by the government.

