## Sidney Greer v. Commonwealth.

[Abstract Kentucky Law Reporter, Vol. 1—120, as *Sidney v. Com-.*
*monwealth.*]

**Criminal Law—Murder.**

Since the jury alone in a murder case is authorized to determine
the effect of evidence introduced, and to pass upon its sufficiency, the
Court of Appeals will not disturb its verdict because the evidence may
seem weak.

**Instructions.**

Where the exclusion of testimony, though it be properly excluded,
may have impressed the jury improperly, the circumstance requires
some explanation to the jury on the subject so that it may not be
wrongly impressed, and they may understand its bearing.

**Instructions on Manslaughter.**

When the trial court undertakes to instruct -the jury on man-
slaughter it should tell the jury of what manslaughter consists.

### APPEAL FROM FLOYD CRIMINAL COURT.

June 17, 1880.

Opinion by Judge Pryor:

The consideration of the case is made somewhat embarrassing
from the fact that the testimony against the accused is of so slight
a character as certainly to create much doubt in the mind of the
court as to the correctness of the finding below; still, as the jury
alone is authorized to pass upon the facts, this court must look alone
to the manner in which the law of the case was presented to the
jury.

The killing of the deceased must have been a cruel and an in-
human act, and the party guilty should be brought to punishment.
The evidence against the accused is purely circumstantial, and, when
considering the entire case, tends as strongly to incriminate others
as the accused. Other parties had been arrested charged with the
same offense, but upon hearing before an examining court, or in
the investigation before the grand jury, were discharged. The
accused in this case, in addition to the facts relied on as removing
any suspicion of his being the guilty party, attempted by a chain of
circumstances to show that other parties had caused the murder of
the deceased; and while this court does not pretend to adjudge them
sufficient to fasten the crime on others, facts were sufficiently de-
veloped authorizing the court to call the attention of the jury to

that branch of the defense. If the facts and circumstances proven conduced to show that another had committed the crime they might have been, if true, inconsistent with the guilt of the accused, unless he in some way aided or abetted in its commission.

The exclusion of the testimony in regard to the statement of Nicholson, who was charged with the murder, may have impressed the jury with the belief that his innocence had already been established, and, while the evidence was properly excluded, the circumstances of this case required some explanation or instruction to the jury on the subject. No objection can be perceived to the instructions given; but in a case where the juror's mind might be led off from the consideration of facts and circumstances material to the defense, by some ruling in regard to the admission of testimony, it is proper to explain to the jury so that they may understand its bearing. The necessity for such explanations seldom arises, but in the case before us the proper conduct of the case, we think, required it.

The jury, when instructed on the subject of manslaughter, ought also to have been told what manslaughter was; and while the defense may not have been prejudiced by it, it was proper to give the instruction in the usual form. We forbear to discuss the testimony or its effect, as this is particularly the province of the jury; but for the errors indicated, the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*John M. Burns, James York, F. A. Hopkins, R. C. Burns, for appellant.    P. W. Hardin, for appellee.*

[Cited, *Etly v. Commonwealth,* 130 Ky. 723, 113 S. W. 896.]