## LINK v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
January 17, 1929.

No. 7812.

John F. Rotruck, of Denver, Colo. (Thomas Ward, Jr., of Denver, Colo., on the brief), for plaintiff in error.

Forrest C. Northcutt, Asst. U. S. Atty., of Denver, Colo. (George Stephan, U. S. Atty., of Denver, Colo., on the brief), for the United States.

Before BOOTH and COTTERAL, Circuit Judges, and REEVES, District Judge.

COTTERAL, Circuit Judge. The plaintiff in error and a codefendant, Silas Miller, were convicted on the third count of an indictment which charged them with violations of section 215 of the Penal Code (18 USCA § 338). The grounds urged for reversal are that the trial court erred in sustaining the indictment, admitting and excluding testimony, and refusing to give instructions to the jury.

The indictment charges in each count that the defendants, under the name of the American Guaranty Company, devised a scheme to defraud and obtain money and property from persons named and others by means of false and fraudulent representations, through agents, letters, circulars, pamphlets, and prints, whereby the company offered for sale "hog units," each for $500, representing it owned lands where hogs were to be raised and the money realized was not to be used for the purchase and exploitation of land, but used for the purchase, breeding, and maintenance of brood sows and progeny, the investment would earn $1,900, in 43 months, the company owned lands stocked with hogs in Colorado and Louisiana, etc. There were averments that certain of the representations of fact were untrue, as defendants well knew, that the representations and promises made to effect the scheme were false and fraudulent, that the defendants were using the money received from their victims for other purposes, and intended to convert it, or the greater part of it, to their own use. Under each count, it was alleged a letter was written in execution of the scheme.

The indictment was challenged by a demurrer and motion in arrest of judgment, and both were overruled. These rulings are assailed on the grounds that some of the representations are not alleged to have been fraudulent, and others are denied in the same terms as alleged, constituting "negative pregnants." But neither of the objections impress us as having merit.

An indictment is not faulty which describes an entire scheme as devised by a defendant, and charges it to have been fraudulent in some, but not all, essential respects. Fraud may inhere in a scheme that is fair on its face, or legitimate, but for the intent in conducting or promoting it. McConkey v. U. S. (C. C. A.) 171 F. 829. It was certainly proper and necessary to clearness to allege the proposal of the defendants fully, and then specify in what way it was fraudulent and the representations made were false.

The contention that the indictment is deficient because of the supposed "negative pregnants" it contains overlooks other important averments, and it is not sound, as it relates to the form rather than the substance of the charge. A like question had full consideration in Horn v. U. S. (C. C. A.) 182 F. 721, where it was held that the test was whether the indictment contained every element of the offense, sufficiently apprised the defendant of the charge and the record furnished an accurate basis for a plea of former acquittal or conviction. This indictment meets those requirements. The demurrer and motion in arrest of judgment were therefore properly overruled.

With regard to the rulings upon the testimony, we think the only criticism worthy of consideration is that they unduly restricted the plaintiff in error in relating matters that bore upon his good faith in the promotion of the "hog unit" enterprise. But we are satisfied there was no prejudicial error in passing upon the objections.

There were requests for instructions to the effect that portions of the indictment be withdrawn from the jury for want of testimony to support certain allegations or to controvert others. There was no occasion for the instructions, unless possibly the omission of them might confuse the jury with reference to the issues submitted. We are convinced this was not the case. However, a request of importance to the plaintiff in error was refused. It was as follows:

"You are instructed that any statement made by any defendant after the return of the indictment here is evidence against such defendant, alone, whom you believe from the

evidence beyond a reasonable doubt made such statement, and not to be considered against any other defendant."

This request was somewhat faulty, but it was error not to give it with due correction, when the subject was called to the attention of the court, in order that the testimony of H. R. Tull, a witness for the government, to certain admissions of the defendant Miller, after the indictment was returned on April 28, 1925, might not be considered by the jury against the plaintiff in error, especially in view of a portion of the general charge to the effect that on the question of intent the jury should consider all the evidence heard "on the witness stand in the case." The testimony of Mr. Tull narrated a conversation he had in 1926 with defendant Miller regarding the books of the American Guaranty Company.

The witness asked Miller about the entries in the "profit and loss statement," and particularly in reference to certain property acquired from the Bankers' International Life Insurance Company, and Miller said the entry "showing a valuation of $170,610, $100,000, and $70,610" was wrong, and the entry of December 31, 1919, was transferred from the books of the American Guaranty Company without justification, to increase their undivided profits and not show a deficit on the books of that company, at the command of the defendant Link. The books showed no amount spent in 1917 for ranches, but of the $32,000 spent in the three following years Miller told him $12,000, in 1918, "came out of the proceeds of the sale of hog units," and the funds for the purchase of the ranch were used therefor. He told the witness "they didn't have any clear title to the Bayou cane property; in fact, he didn't know just how it stood," and stated it was purchased under an agreement for $175,000. When asked why the books carried it at $350,000, he said "he didn't know, there was no justification for it; that he put the valuation on there at the instructions of Mr. Link, in order to show a surplus, instead of a deficit, as was the true condition of the books." Witness asked him why $175,000 additional was placed there the following year, and he answered that there was no other reason, except to show that there was a surplus, and he put the figures on the books at the direction of Mr. Link.

These admissions of Miller, if credited, tended materially to show that the original scheme was fraudulent, and contemplated the use of the proceeds of the sale of the "hog units" contrary to the representations made. But plaintiff in error had an undoubted right to have this hearsay testimony excluded from consideration against him. Sorenson v. U. S. (C. C. A.) 143 F. 820. As there was no instruction to that effect, the jury may naturally have treated it as competent against him.

Error is also assigned upon the refusal of other instructions tendered, but we find it unnecessary to consider them, in view of our conclusion that it was error to refuse to give an appropriate instruction regarding the admissions of defendant Miller.

The judgment of conviction against the plaintiff in error is reversed, and the cause is remanded to the District Court, with direction to grant a new trial.