## Vessels v. Commonwealth.

(Decided June 3, 1930.)

HAYNES CARTER for appellant.

J. W. CAMMACK, Attorney General, and S. H. BROWN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Reversing.

The appellant, Roy Vessels, was indicted, tried, and convicted in the Hardin circuit court upon the charge of unlawfully selling intoxicating liquor to Roy Viers and Martin McCullum. His motion for a new trial was overruled, and he has filed the record in this court with a motion for an appeal. Through his counsel he urges as grounds for reversal: (1) Refusal of the court to admit material and competent evidence offered by him at his trial; and (2) refusal of the court to grant him a new trial for newly discovered evidence after the trial, and which he could not discover by the exercise of ordinary diligence in time for the trial.

The only witness introduced by the commonwealth upon the merits of the case was Roy Viers, one of the alleged purchasers of the intoxicating liquor from defendant, and he testified that within twelve months before the finding of the indictment he purchased from defendant a pint of whisky and paid him therefor $4, and which occurred at the residence of defendant, and that Martin McCullum was present and witnessed the transaction. On cross-examination he was asked if he had not prior to his appearance before the grand jury borrowed $4 from the defendant, and that the latter had persistently from time to time requested its payment, which was refused, and that he (the witness), in a conversation with Jesse Wilson, had stated that if defendant did not quit pursuing him for the collection of that debt he would prefer a charge against him for selling liquor. The witness admitted borrowing from and owing the money to defendant, but denied the alleged threat to Jesse Wilson, i. e., that unless defendant ceased his efforts to collect the borrowed amount of money, he (Viers) would cause a charge of unlawfully selling intoxicating liquor to be preferred against him.

Defendant denied the sale with which he was charged, and at the close of the testimony the court sustained the motion of the commonwealth to exclude and withdraw from the jury the testimony of Wilson which contradicted the prosecuting witness after the proper foundation was laid, and which testimony, if true, tended to establish bias and prejudice on his (Viers') part toward defendant and furnished an improper motive for his testimony given at the trial and also before the grand jury and upon which the indictment was found. The record does not disclose the reason actuating the court in excluding that testimony and which, we are convinced, was both material and proper. If Viers made the statement to which the witness Wilson testified, it tended to show his feelings toward defendant, and from which the jury would be authorized to draw the inference that his testimony was false and was actuated by the continued effort of defendant to collect his debt, instead of a desire to enforce the law. At any rate, it had a tendency to impeach the truthfulness of the testimony given by Viers and, we repeat, it was competent for that purpose and to be weighed and considered by the jury for whatever it was worth. See Howard v. Commonwealth (Ky.), decided April 25, 1930, and reported in 27 S. W. (2d) 410, and cases therein referred to.

Ground 2 is bottomed upon these facts: McCullum at and prior to the time of the trial was absent from the state, and defendant, according to the showing made in the record, was unaware of his whereabouts. After the conviction and before the motion for a new trial was acted on, defendant learned that McCullum was in Indianapolis, Ind., and he immediately procured the affidavit of the latter in which he swore that he never at any time purchased any liquor from defendant, nor was he present at any time when the prosecuting witness Viers made any such purchase. In other words, his affidavit positively contradicted the testimony of Viers. But, owing to the fact that there is some question as to whether defendant exercised the proper diligence to discover the whereabouts and obtain the testimony of McCullum, we will not base the reversal of the judgment on that ground, and especially so because of the fact that McCullum's testimony may be obtained on another trial, either by taking his deposition, or procuring his presence in court. But for the reasons stated in ground 1, we conclude that the judgment should be reversed.

Wherefore, the motion for an appeal is sustained, the appeal is granted, and the judgment is reversed, with directions to sustain the motion for a new trial, and for proceedings consistent with this opinion.