## Kelly v. Commonwealth.

(Decided June 7, 1935.)

ZEB A. STEWART and J. B. WALL for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

Appellant was indicted in Harlan county for the crime of murder, and upon trial was convicted of voluntary manslaughter. He appeals from the judgment of conviction, under which he was sentenced to 21 years' hard labor.

On August 21, 1934, about 4 o'clock in the afternoon, the decedent, J. H. Hall, was talking to one Sherman Bush on the front porch of Bush's home. Surrounding the porch, and within a distance of about 20 feet from it, was a cornfield. Without warning, some one fired a 12-gauge shotgun from a point in the cornfield 40 feet from the porch (as is shown by the footprints of the assassin and by holes cut in the cornstalk leaves by the shot). J. H. Hall was killed, and Sherman Bush was wounded. Hall never spoke after being shot, and Sherman Bush, while he says that he saw a movement in the corn, did not see who fired the shot. So far as is known, Mr. Hall did not have an enemy in the world. Bad feeling, as a result of a previous difficulty, existed between Sherman Bush and Bob Kelly, the appellant here. It was the theory of the commonwealth that Kelly shot at Bush and killed Mr. Hall. The evidence was entirely circumstantial, and the record discloses that upon a previous trial there was a hung jury.

The chief of police testified that he went to the home of Sherman Bush upon hearing of the murder, and upon learning the circumstances went immediately to the home of Hugh Bowling about a mile away, where he found appellant, and placed him under arrest. He also found a 12-gauge shotgun at the Bowling home, which appellant admits was the one that he carried and admits was fired on the day of the murder. The chief testifies that he smelled the barrel of the shotgun and that the odor indicated that it had recently been fired. He does not disclose in his testimony why he immediately fixed on appellant as the assassin and arrested him. Shortly after the chief left the Bush home, a bloodhound was taken to the spot from which the shotgun had been fired. The dog first took a false trail directly to Bush's house, about 40 feet away, and went up to Bill Kelly, appellant's brother, and "r'ared up on

772

Bill.'' He was then taken back to the starting point and picked up a trail through the cornfield to Hugh Bowling's house, where he was called off from the scent. The proof indicates that the chief of police and deputy sheriff, who had preceded the dog to Hugh Bowling's residence, did not go up into the cornfield, and we can therefore assume that the dog was following the trail of some one other than the officers. The wadding from a shotgun shell was found near the point from which the assassin fired, and this wadding was of such size as to fit in a 12-gauge gun. There was a considerable amount of testimony in regard to the ill feeling existing between Bush and Kelly and of threats made by the latter as a result of this hostility. The only defense was an alibi.

Appellant assigns as error: (1) The giving and refusing of various instructions; (2) the failure of the court to admonish the jury as to the purpose for which testimony impeaching the character of certain witnesses was admitted; (3) the refusal of the court to admit certain competent evidence; and (4) improper argument of the attorney for the commonwealth.

Appellant argues that it is the duty of the court, *upon request,* to instruct the jury that an indictment is but a formal charge and furnishes no evidence of guilt. He relies upon 16 C. J. 983, sec. 2387. Various foreign, but no Kentucky, cases are cited in support of the text, and appellant quite frankly admits that there is no Kentucky decision on the question. We think that the ''reasonable doubt'' instructon under section 238 of the Criminal Code of Practice amply protects the defendant, and that the trial court did not err in refusing the proffered instruction.

The trial court instructed on murder and on voluntary manslaughter. Appellant complains, properly, we think, of the voluntary manslaughter instruction. There was no evidence to justify such an instruction. If appellant was guilty of anything on the evidence adduced, it was murder and nothing else. The voluntary manslaughter instruction was plainly prejudicial, for the jury might well have been unwilling to convict him of murder on the evidence and yet have been willing to find him guilty of voluntary manslaughter. Johnston v. Commonwealth, 170 Ky. 766, 186 S. W. 655; Gregory's Criminal Law, page 848.

Since the judgment must be reversed, we deem it proper to say that upon another trial, if objection is taken or request is made for an admonition, the court should admonish the jury as to the purpose of testimony introduced to impeach the character of witnesses for the defendant. McDaniel v. Commonwealth, 185 Ky. 608, 215 S. W. 544.

Furthermore, appellant offered to introduce certain testimony tending to prove that the crime had been committed by another. We think this evidence should have been admitted; though, of course, if offered on another trial the commonwealth will be permitted to rebut it. Etly v. Commonwealth, 130 Ky. 723, 113 S. W. 896; Sidney v. Commonwealth, 1 Ky. Law Rep. 120.

One of the owners of the bloodhound, in testifying as to the skill and experience of the dog, said that there had been "something like 200 confessions from *their* trailing." The court admonished the jury that the above-quoted statement was to be considered by them solely for the purpose of "showing the skill of the dog." The record does not indicate clearly whether one dog or more than one dog was used in trailing the assassin. In either event, we do not think the testimony as to the number of confessions was admissible for any purpose under the circumstances, and upon proper objection the court will exclude this testimony upon another trial, and, of course, the commonwealth's attorney will not then comment on it.

Judgment reversed.