## Harvey v. Commonwealth.
(Decided Jan. 12, 1937.)

WILLIAMS & ALLEN for appellant.

B. M. VINCENT, Attorney General, and J. J. LEARY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Reversing.

Under an indictment charging Sherman Harvey, Ora Harvey, and Drewry Miller with the murder of Flint McIntosh, the former has been found guilty of voluntary manslaughter and is appealing.

As grounds for reversal it is first argued that instructions No. 5 and No. 6 are erroneous and prejudicial. The Attorney General with commendable frankness admits that the self-defense instruction is erroneous because of the use therein of the words, ''and it further reasonably appeared to him that the only reasonably safe means of protecting himself or them against such danger, etc.,'' and in the light of the authorities we are constrained to so hold. See Tompkins v. Commonwealth, 117 Ky. 138, 77 S. W. 712, 25 Ky. Law Rep. 1254; Lindon v. Commonwealth, 257 Ky. 746, 79 S. W. (2d) 202. In this connection it may be said that in the event of another trial, section 844 of Hobson, etc., on Instructions to Juries, embodies an instruction approved by this court in the case of Thomas v. Commonwealth, 146 Ky. 790, 791, 143 S. W. 409, and this will serve as a general guide in defining or instructing

how or under what circumstances the right of self-defense may be exercised.

Instruction No. 6 stated in effect that appellant could not rely on the right of self-defense or defense of his associates named in the instruction if after having trouble with deceased, he and his associates left and later returned to the scene of the original difficulty and "commenced" a second difficulty with deceased at a time when they were determined to and did engage in a conflict with him by mutual consent. Where in a homicide case there is evidence tending to show that the accused and deceased mutually and voluntarily engaged in a combat with the intention on the part of each to kill or to do great bodily harm to the other, or that accused sought or brought on the difficulty, it is proper to modify a self-defense instruction. See Hobson, etc., on Instructions to Juries, sections 765 and 766 and cases thereunder cited, a number of which hold that such modified instructions are erroneous which contain expressions "brought on the difficulty," "began the affray," etc., without describing the manner or means by which the difficulty was "brought on," etc., or the "affray begun."

There was little, if any, evidence upon which to base an instruction qualifying the right of self-defense, and in the proven circumstances it is apparent that the other instructions given, with the error in the self-defense instruction corrected, would properly present the issues to the jury. In the event of another trial if there should be evidence warranting a modification of the self-defense instruction, the sections of Hobson, etc., on Instructions to Juries referred to will serve as a guide; but in the proven circumstances any reference to a previous difficulty should be omitted. We would not, however, be understood as saying that evidence concerning the previous difficulty, if any, may not be admitted.

As a second ground for reversal it is argued that the court erred in refusing to admit competent evidence offered by appellant. Appellant was permitted to introduce evidence in an effort to establish that Beecher Fugate, a brother-in-law of deceased, fired the fatal shot or at least engaged in the shooting that resulted in the death of the latter. The court admitted evidence that some weeks before the homicide Beecher Fugate had

threatened to kill his brother-in-law and after the homicide stated that he shot him; but refused to permit evidence as to why he said he would shoot him. It was avowed that if the witness were permitted to answer he would testify in effect that deceased had mistreated his wife and had committed a serious offense against her little sister.

It has been uniformly held by this court that one accused of crime may introduce evidence tending to prove that the crime was committed by another, subject, however, to the right of the commonwealth to rebut such evidence. Kelly v. Commonwealth, 259 Ky. 770, 83 S. W. (2d) 489; Sidney v. Commonwealth, 1 Ky. Law Rep. 120; Etly v. Commonwealth, 130 Ky. 723, 113 S. W. 896; Morgan v. Commonwealth, 14 Bush (77 Ky.) 106. In the latter case it was held that appellant should have been permitted to show that another who was present when the homicide took place was armed with a pistol and was an enemy of deceased and had threatened to take his life, and other witnesses testified that afterward he stated that he did kill him. To the same effect see Etly v. Commonwealth, supra. However, in Cloud v. Commonwealth, 7 Ky. Law Rep. 818, it was held that under an indictment for murder the admission of persons other than accused that they did the killing or of threats by others to do the killing should not be admitted in evidence. It will therefore be seen that the cases are apparently not in harmony concerning the competency of evidence of admissions or threats upon the part of others than the accused. But in these particulars the court was dealing with the peculiar facts presented by the case under consideration.

In the light of the authorities cited, it is our conclusion that, at most, the court permitted appellant to go as far as he was entitled to concerning statements or acts and conduct of Beecher Fugate and did not err in refusing to permit the witness to go into detail concerning acts and misconduct of deceased as the reason assigned by Beecher Fugate for this threat to kill him.

Since the judgment must be reversed because of error in instructions, it is unnecessary to give attention to complaint of misconduct on the part of one of the jurors, since it will likely not occur again.

Finally, it is urged that the verdict is palpably and

flagrantly against the evidence, but in the circumstances we deem it sufficient to say that a reading of the evidence shows this contention to be without merit.

Wherefore, the judgment is reversed, and cause remanded for a new trial and proceedings consistent with this opinion.