## GOLD et al. v. UNITED STATES.
### No. 6308.

Circuit Court of Appeals, Third Circuit.
March 2, 1939.

Harold Simandl and George R. Sommer, both of Newark, N. J., for appellants.

John J. Quinn, U. S. Atty., of Red Bank, N. J., and Hubbert J. Harrington, Asst. U. S. Atty., of Newark, N. J.

Before DAVIS, BIGGS, and MARIS, Circuit Judges.

DAVIS, Circuit Judge.

The appellants were charged with certain crimes in an indictment containing seven counts. The case came to trial in the District Court before a judge and jury. The jury found appellants, James Bello and John Sileo, guilty under the fourth count of the indictment and Isadore Gold, guilty under the first, second and third counts. Judgments of conviction were entered against them in accordance with the verdict and sentences were imposed. This appeal was thereupon taken.

As the grounds upon which Bello and Sileo have appealed are different from those upon which Gold has appealed, we shall first discuss the conviction of Bello and Sileo and then the conviction of Gold.

I. Conviction of Bello and Sileo.

The fourth count of the indictment, under which Bello and Sileo were convicted, charges that they "knowingly and unlawfully did work in a distillery for the production of spirituous liquors upon which no sign bearing the words 'Registered Distillery' was placed or kept".

This count is based upon section 3279 of the Revised Statutes, 26 U.S.C.A. § 1182, which was repealed by the National Prohibition Act. United States v. Yuginovich, 256 U.S. 450, 41 S.Ct. 551, 65 L.Ed. 1043.

The question involved is whether or not this section was reenacted by the Willis-Campbell Act, § 5, 27 U.S.C.A. § 3.

In the case of Bender v. United States, 3 Cir., 93 F.2d 814, this court held that section 3279 of the Revised Statutes had not been reenacted by the Willis-Campbell Act because its provisions were inconsistent with those of the National Prohibition Act. Upon reexamination of the questions involved, we adhere to the law declared in our opinion in that case.

Since the statute upon which the fourth count was based had been repealed and had not been reenacted, the judgments of conviction against James Bello and John Sileo must be reversed and the indictment dismissed as to them.

II. Conviction of Gold.

The counts of the indictment under which Gold was convicted, charge that he: (1) "did engage * * * in the business of distillers, and did * * * make and distill a quantity * * * of spirits * * * subject to * * * tax * * * with intent willfully to defraud the United

States of the tax" * * * contrary to R.S. § 3281, 26 U.S.C.A. § 1184; (2) "did willfully, unlawfully and feloniously have in * * * (his) possession and custody * * * a certain still set up, and did fail and neglect to register the same" with the proper authorities, in violation of R.S. § 3258, 26 U.S.C.A. § 1162; and (3) "did willfully, unlawfully and feloniously engage in * * * the business of distillers and did fail and neglect to give" * * * proper notice thereof to the duly constituted authorities, contrary to R.S. § 3259, 26 U.S.C.A. § 1163.

Gold contends, among other things, that the learned District Judge erred (1) in refusing to direct a verdict of acquittal, and (2) in refusing to charge the jury in accordance with certain requests to charge.

The evidence was conflicting, but there was sufficient evidence of guilt, on the part of Gold, to go to the jury and the learned trial judge did not err in refusing to direct a verdict of acquittal.

Gold, in due time, requested the court to charge, among other things, that the mere fact that an indictment had been returned against him created no presumption of guilt; that a reasonable doubt sufficient for a judgment of acquittal may be engendered by evidence of good character; that a reasonable doubt may arise from a lack of evidence; that conversations, in evidence, to which he was not a party and at which he was not present, should not be considered against him; and that mere presence at the scene of the crime was not sufficient evidence to justify an inference of guilt.

 "Where a timely request is made for instructions which correctly propound the law and which are warranted by the pleadings and the evidence in the case, it is the duty of the court to give them unless covered by other instructions given, or by the general charge, and a noncompliance with this duty will necessitate a reversal where it cannot be said that appellant was not prejudiced * * *". 5 C.J.S., Appeal and Error, page 1155, § 1774(a). Itow v. United States, 9 Cir., 223 F. 25; Hendrey et al. v. United States, 6 Cir., 233 F. 5; Feder et al. v. United States, 2 Cir., 257 F. 694, 5 A.L.R. 370; Kaufmann v. United States, 3 Cir., 282 F. 776; Cohen v. United States, 3 Cir., 282 F. 871; Cooper v. United States, 8 Cir., 9 F.2d 216; Sunderland v. United States, 8 Cir., 19 F.2d 202;

Nanfito v. United States, 8 Cir., 20 F.2d 376; Link v. United States, 10 Cir., 30 F. 2d 342; Little v. United States, 10 Cir., 73 F.2d 861, 96 A.L.R. 889; Rosser v. United States, 4 Cir., 75 F.2d 498.

The evidence upon which Gold was convicted was conflicting. The requests properly stated the law (see cases supra) in accordance with which Gold was entitled to have the jury consider the evidence and it is "not possible to say how the jury would have resolved the question if the requested instructions had been given". Therefore, we can not say, as a matter of law, that he was not prejudiced by the court's refusal to charge as requested. 5 C.J.S., Appeal and Error, page 1155, 1156, 1157, section 1774(a); Aetna Life Ins. Co. v. Moore etc., 231 U.S. 543, 556, 34 S.Ct. 186, 58 L.Ed. 356.

The judgment entered against Isadore Gold is reversed and a new trial awarded.