## Barton et al. v. Commonwealth.

Feb. 20, 1942.

596

J. R. Llewellyn and S. V. Little for appellants.

Hubert Meredith, Attorney General, and Wm. F. Neill, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The appellants were convicted of grand larceny and sentenced to two years in the penitentiary. Samuel Walker, indicted and tried with them, was acquitted at the conclusion of the testimony under peremptory instructions from the Court. It is insisted by appellants that they likewise were entitled to directed verdicts because of the insufficiency of the Commonwealth's evidence, and that in any event they are entitled to new trials because of erroneous rulings of the Court in rejecting proffered testimony and in excluding testimony elicited and sought to be elicited by their counsel in cross-examining the Commonwealth's witnesses.

Little need be said in disposing of the contention that the Commonwealth's evidence was insufficient to take the case to the jury. There was testimony that ap-

pellants had stored the stolen articles in a room in Corbin, and that one of them in the presence of the other had boasted to two witnesses of having committed the crime. It is true that the witnesses who testified to these facts do not appear to have been "beyond suspicion," but both of the appellants had previously been convicted of felonies, and it sometimes "takes a thief to catch a thief." In any event the credibility of the witnesses was for the jury, not this Court, to determine. Gooslin v. Commonwealth, 283 Ky. 665, 142 S. W. (2d) 989.

The defense was predicated upon the theory that Estill Centers, by whom appellants claim to have been employed to commit similar thefts, and who apparently was a "stool pigeon" or confederate of Lane Bertram, a highway patrolman, himself committed the crime, either for the enrichment of Bertram and himself or for the purpose of involving and trapping certain officials and personages who were suspected of inefficiency or corruption. Pursuing this theory, appellants' counsel, in cross-examining Centers who had testified to the alleged admissions by appellants of their guilt, asked him if he, Centers, had not told appellants and Walker that he had committed the robbery "instead of them telling you they did it." Centers answered in the negative, and Walker, testifying for himself and the appellants, was asked but not permitted to answer the following question: "Tell the jury if you learned from Estill Centers who robbed Mrs. Hinkle's place out there." The proceedings held outside the hearing of the jury show that Walker, if permitted to answer, would have testified that Centers told him that he, Centers, had committed the crime. The testimony of Walker, thus given, may be treated as an avowal and would have been competent for the purpose of contradicting Centers had the proper foundation therefor been laid by including in the question the time and place at which the conversation occurred. But the foundation was not so laid. Civil Code of Practice, Section 598; Vessels v. Commonwealth, 234 Ky. 628, 28 S. W. (2d) 964; Corpus Juris, Vol. 70, page 1104. Whether, if Centers had not been present and testified, his admission, sought to be proven by Walker, would have been competent as a declaration against interest, we need not decide. As pointed out in Harvey v. Commonwealth, 266 Ky. 789, 100 S. W. (2d) 829, there is a conflict in the decisions of this Court on the admissibility of such testimony as substantive evidence in behalf of an accused.

See, also, the dissenting opinion of Justice Holmes in the case of Donnelly v. United States, 228 U. S. 243, 33 S. Ct. 449, 57 L. Ed. 820, Ann. Cas. 1913E, 710, and 5 Wigmore on Evidence, 3d Ed., 283. We are convinced, however, that whatever may be the correct rule with reference to the admissibility of such testimony where the suspect whose threats or admissions are sought to be proven has not been introduced as a witness, where he has been so introduced and has denied making the alleged admissions or threats, his testimony cannot be contradicted except in the manner prescribed by the Code. Thus, the principal error in the rejection of testimony relied on by appellants is disposed of.

We would not be understood as holding that the record before us discloses that the rulings of the Trial Court were wholly free from error. Rarely, if ever, is such a record containing the testimony of many witnesses presented to an appellate court. For example, Hubert Tye, the owner of the house in which the stolen articles had been stored, and a material witness against the appellants, was recalled for further examination and asked if, at an indicated time and place, he had talked to Mr. Lewis, a member of the Bar, and asked him if he, Tye, were to change his statement, would they "penitentiary" him. We think the Court should not have sustained the Commonwealth's objection to this question, since it was obviously asked for the purpose of laying the foundation for a contradiction of the witness. But the Court permitted the appellants to introduce Mr. Lewis and prove by him that Tye had asked him on the occasion referred to, "what would they do to a fellow if he changed his story." Thus the error in the ruling was cured.

We have carefully considered the other challenged rulings excluding testimony given or sought to be elicited. Assuming them to have been erroneous, they do not constitute grounds for a reversal since the testimony excluded was either unimportant or undisclosed by avowals. On the whole we are convinced that no error prejudicial to the substantial rights of the appellants was committed. Hence, under the manifestly proper interpretation of Section 340 of the Criminal Code of Practice, it becomes our duty to affirm the judgment appealed from, and it is so ordered.

Whole Court sitting.