THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JOSEPH D'ORIO AND ALPHONSE CARBONE, PLAIN-TIFFS IN ERROR.

Submitted May 7, 1946—Decided July 30, 1946.

Before CASE, CHIEF JUSTICE, and Justices HEHER and COLIE.

For the state, *Duane E. Minard, Jr.,* Prosecutor of the Pleas; *C. William Caruso,* Assistant Prosecutor.

For the plaintiff in error D'Orio, *Anthony A. Calandra.*

For the plaintiff in error Carbone, *George R. Sommer.*

The opinion of the court was delivered by

COLIE, J. Plaintiffs in error were convicted on an indict-ment charging them with an assault and robbery and sen-tenced to the state prison for a minimum of ten years and a maximum of fifteen years at hard labor. Of the assignments of error and specifications of causes for reversal, all were abandoned in this court with two exceptions. Both go to the refusal of the trial court to charge the jury in accordance

with written requests to charge properly presented. The precise language of the requests follows:

"The members of the jury are instructed that the indictment in this case is not evidence against the accused and is not to be considered as evidence during your deliberations of the evidence in this case."

And

"It is the duty of the state to prove the guilt of the defendants beyond a reasonable doubt, and this burden never shifts. It is not the duty of the accused to prove his innocence of the charges made against him."

During the charge to the jury the court said:

"Now, gentlemen, these defendants come before you because there has been found against them an indictment. An indictment is a charge. It is a charge preferred by the grand inquest of the county, the grand jury of the county, as it is usually called. When a charge is preferred by the grand jury of the county, it becomes the duty of the prosecutor of the pleas to present to a trial court, such as we have here, such evidence as he may have in support of the charge which has been laid by the grand jury. It is his duty to present such evidence as he may have and to present his viewpoint and arguments in favor of the state. It then becomes the duty of counsel for the defendants to present such evidence as they may have to the trial court and such arguments as they may choose to adduce in favor of the contentions that they may choose to advance in defense of their clients. And so the jury, having before them the evidence adduced by the respective sides and the arguments made by the respective sides, are called upon to decide the case upon the evidence as adduced. And the evidence having been presented, the court is under a duty to instruct the jury as to what the law may be applicable to the particular case."

Followed by the statement "Now, you will please take this indictment with you into the jury room and read it, and you will find that it charges, in the second count, these defendants with robbery."

It is elementary that an indictment is not evidence of the facts charged therein and the plaintiffs in error were entitled

to a charge to that effect upon timely request therefor. The portion of the court's charge which we have set forth above does not point out that the indictment is not evidence, and we are of the opinion that the defendants were entitled to have the jury so instructed and that the failure to so charge in the face of a timely and specific written request therefor is harmful error. *United States* v. *Schanerman,* 150 *Fed. Rep.* (*2d*) 941.

We find no error in the refusal to charge the second request which is quoted earlier in this memorandum since the principle stated therein was adequately covered elsewhere.

The judgments of conviction are reversed.