THE STATE OF NEW JERSEY, PLAINTIFF IN ERROR, v. JOSEPH D'ORIO AND ALPHONSE CARBONE, DEFENDANTS IN ERROR.

Argued October 15, 1946—Decided February 10, 1947.

For the plaintiff in error, *Duane E. Minard, Jr.*, and *C. William Caruso.*

For the defendants in error, *Anthony A. Calandra* and *George R. Sommer.*

The opinion of the court was delivered by

DONGES, J. This writ of error is prosecuted by the state to review a judgment of the Supreme Court which reversed the conviction of the defendants in error in the Essex County Court of Quarter Sessions upon an indictment charging them with assault and battery and robbery.

The case came to the Supreme Court upon strict writ of error, the entire record not being produced, and the assignments of error, two in number, being directed only at alleged error by the trial court in refusing to charge two certain requests to charge submitted by counsel for defendants in error. The Supreme Court held that the refusal to charge one of the requests was proper but that the refusal of the other was error prejudicial to the men on trial and that it required a new trial. 134 *N. J. L.* 378.

The principal point in controversy, and the one upon which the reversal below was had, concerns the propriety of refusing to charge the following request:

"The members of the jury are instructed that the indictment in this case is not evidence against the accused and is not to be considered as evidence during your deliberations of the evidence in this case."

The Supreme Court in effect held that, it being elementary that an indictment is not evidence of the facts charged therein, the defendants in error were entitled absolutely to have the jury so instructed when properly worded and timely request was made, citing *United States* v. *Schanerman,* 150 *Fed. Rep.* (*2d*) 941.

The precise point here raised seems never to have been presented before in this jurisdiction and there is conflict in the holding of other jurisdictions upon the subject. See 23 *C. J. S.* 774. The Supreme Court of Iowa, in the case of *State* v. *Sauerbry,* 10 *N. W. Rep.* (*2d*) 544, adopted the view opposed to that of the court below in this case. It was there said:

"Defendant assigns as error the refusal of his requested instruction that the filing of the county attorney's information is not evidence and should not be considered by the jury. While the request was proper and might well have been given, we are not prepared to hold, in view of the instructions given, that its refusal was reversible error. The jury was fully instructed regarding the presumption of innocence, burden of proof, and reasonable doubt."

The court then went on to point out that some of the authorities holding it to be reversible error to refuse such a request were based in part on the fact that instructions given on the presumption of innocence were either incorrect or inadequate, and continued:

"We think it is the better view, supported by the weight of authority, that ordinarily it is not reversible error to refuse a requested instruction that the formal charge is no evidence of guilt, where the jury is fully instructed on the presumption of innocence, burden of proof, and reasonable doubt."

We are of the opinion that it is the proper rule that re-

versible error does not occur in the refusal of such a charge where presumption of innocence, burden of proof and reasonable doubt are properly charged, unless something can be pointed to in the charge or in the conduct of the trial from which it might be said that the jury could have been misled into thinking that the indictment was evidential.

An examination of the charge of the trial court in the light of that principle reveals that throughout the charge the court emphasized that the only thing that was to affect the jury in the determination of the guilt or innocence of the defendants was the evidence, the testimony, and he made the statement several times throughout his charge that the jury was to be governed by the evidence, governed only by their consciences, with respect to the value and force of the testimony or evidence.

In speaking of the indictment, he said:

"Now, gentlemen, these defendants come before you because there has been found against them an indictment. *An indictment is a charge.* It is a charge preferred by the grand inquest of the county, the grand jury of the county, as it is usually called. When a charge is preferred by the grand jury of the county, it becomes the duty of the Prosecutor of the Pleas to present to a trial court, such as we have here, such evidence as he may have in support of the charge which has been laid by the grand jury. It is his duty to present such evidence as he may have, and to present his viewpoint and arguments in favor of the state. It then becomes the duty of counsel for the defendants to present such evidence as they may have to the trial court and such arguments as they may choose to adduce in favor of the contentions that they may choose to advance in defense of their clients. And so the jury, having before them the evidence adduced by the respective sides and the arguments made by the respective sides, are called upon to decide the case upon the evidence as adduced. And the evidence having been presented, the court is under a duty to instruct the jury as to what the law may be applicable to the particular case."

We perceive nothing in that language which could be said to instruct the jury, or mislead the jury into believing, that

the indictment itself, the document containing the charge being tried upon the evidence, was in itself of any probative force in the deliberations of the jury. Nor is the situation changed by the fact that the judge told the jury they were to take the indictment with them into the jury room and, upon reading it, would find that it charged, in the second count, the defendants with robbery, whereupon he defined the crime of robbery. He clearly told the jury, in the italicized sentence in the above quotation from his instructions, that: "An indictment is a charge." A "charge" is merely an accusation, not proof, as the jury must well have understood.

Finally, in concluding his instructions, the trial judge said:

"Gentlemen of the jury, I leave the matter with you, but before you go, gentlemen, please remember that it is all the testimony you are to consider, not only such as the court may have referred to, not only the testimony of such witnesses as the court mentioned, but you are to consider and decide this case on all of the testimony and all of the circumstances adduced."

The conclusion, therefore, seems inescapable that throughout the charge the court excluded any use by the jury of anything except the testimony, and he told them that they were to consider all of the testimony and nothing else. We do not think it possible, from a reading of the entire charge, that the jury could possibly have been misled as to the effect to be given to the indictment before them. No group of ordinary intelligence could have been so misled.

It is not claimed, nor could it be, that the portions of the charge dealing with presumption of innocence, burden of proof and reasonable doubt are inaccurate or inadequate. They accurately and fully state the law of the state upon the subjects.

We are, therefore, led to the conclusion that no error occurred, under the circumstances of the case as displayed in the record before us, in the refusal of the requested charge, and further that no possible harm to the accused took place.

The other request to charge, refusal of which was complained of, was the following:

"It is the duty of the state to prove the guilt of the defendants beyond a reasonable doubt, and this burden never shifts. It is not the duty of the accused to prove his innocence of the charges made against him."

The request was adequately covered when the trial judge charged:

"Second, the defendant is presumed to be innocent and that applies to both of the defendants, of course, and unless the crime charged, in each of its elements, is proven against him beyond a reasonable doubt, he is entitled to an acquittal. The burden of so proving the defendant guilty rests upon the state and never shifts."

And this quotation from the trial judge's instruction likewise demonstrates the sufficiency of his charge to the jury on the subjects of presumption of innocence and burden of proof, mentioned above in the first point. His charge as to reasonable doubt was in the standard language which has many times been approved and is not here challenged.

We conclude that the judgment of the Supreme Court should be reversed and that of the Quarter Sessions should be affirmed.

*For affirmance*—BODINE, PERSKIE, EASTWOOD, DILL, JJ. 4.

*For reversal*—PARKER, DONGES, WELLS, RAFFERTY, FREUND, McLEAN, JJ. 6.