Clyde Eugene GARNER, Audrey Hart Garner, Horace G. Twitty, Oren Cloud Fesmire, Sammy Joe Garner, Edd John Mayo, Appellants,

v.

UNITED STATES of America, Appellee.

No. 13006.

United States Court of Appeals Sixth Circuit.

May 13, 1957.

---

Carmack Murchison, Jackson, Tenn., Joe A. Appleby, Lexington, Tenn., on the brief, for appellants.

Warner Hodges, Memphis, Tenn., Warren Olney, III, Washington, D.`C., Millsaps Fitzhugh, and Robert E. Joyner, U. S. Attys., Memphis, Tenn., on the brief for appellee.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

PER CURIAM.

Appellants were convicted under a one-count indictment charging a conspiracy to violate the internal revenue laws of the United States with respect to the manufacture, transportation and sale of distilled spirits.

Appellants contend that it was reversible error for the District Judge to decline to give to the jury the following instruction requested in writing by them: "The Court is permitting you to take to the jury room with you the indictment in this case but you are again instructed that the indictment itself is not evidence of the guilt of the accused persons."

The requested instruction embodied a correct principle of criminal law, and might well have been given. Capriola v. United States, 7 Cir., 61 F.2d 5, 7-8, certiorari denied, Walsh v. U. S., 287 U.S. 671, 53 S.Ct. 315, 77 L.Ed. 579; Little v. United States, 10 Cir., 73 F.2d 861, 864, 96 A.L.R. 889. Whether it was reversible error for the trial judge to refuse to give, in addition to his general charge, a specific instruction that the indictment is not to be considered as evidence of the guilt of the accused, when so requested by the defendant, is the question presented.

Appellants rely upon United States v. Schanerman, 3 Cir., 150 F.2d 941, 946, in which refusal to give such a charge was held reversible error. The Court said: "When requested so to do, as in the instant case, the district court, in *clear, unmistakable* words, should have charged the jury that the finding of an indictment is no evidence of the

guilt of the accused." (Emphasis added.) However, the Court at the same time recognized the rule with respect to instructions generally that it is not reversible error to refuse to give a requested instruction stating a correct proposition of law essential to the proper determination of an issue, if the requested instruction is given in substance or in effect in the general charge of the court to the jury. The court in that case cited and partly relied upon an earlier case in the same circuit, Gold v. United States, 3 Cir., 102 F.2d 350, 352, and two cases from the Eighth Circuit cited by the court in Gold v. United States, supra, namely, Cooper v. United States, 8 Cir., 9 F.2d 216, 226, and Nanfito v. United States, 8 Cir., 20 F.2d 376, 378. The rulings in these cases seem to be based upon the rule applicable to instructions generally that the court's general charge to the jury contained nothing to the same effect as that required by the defendant.

■■ We have no doubt that if the trial judge permits the indictment to be taken to the jury room, a refusal to instruct the jury that the indictment itself is not evidence of the guilt of the defendant is reversible error unless the instruction is otherwise sufficiently covered in the instructions given. However, we are of the opinion that the weight of authority is that it is not reversible error to refuse to give a requested specific instruction to that effect if the substance of the requested instruction has been sufficiently covered by the instructions given. Henderson v. United States, 6 Cir., 218 F.2d 14, 18; State v. Sauerbry, 233 Iowa 1076, 10 N.W.2d 544, 546; and cases cited therein; State v. Di Orio, 136 N.J.L. 204, 205, 51 A.2d 97, 98, reversing 134 N.J.L. 378, 48 A.2d 276 which specifically relied upon United States v. Schanerman, supra; Watts v. United States, 10 Cir., 212 F.2d 275, 277–278; Sconyers v. United States, 5 Cir., 54 F.2d 68; Vandiver v. State, 1954, 37 Ala.App. 526, 73 So.2d 566, certiorari denied, 261 Ala. 700, 73 So.2d 572. See: Robilio v. United States, 6 Cir., 291 F. 975, 987, certiorari denied, 263 U.S. 716, 44 S.Ct. 137, 68 L.Ed. 522; Kelly v. Commonwealth, 259 Ky. 770, 772, 83 S.W.2d 489.

In the present case, the district judge, in charging the jury stated, "the indictment in this case, which, as you understand, I am sure, is a means only by which the defendants are brought before this court and this jury for trial, charges the defendants * * *. The indictment, which is a rather lengthy one, will be furnished you in the jury room for your convenience." He later referred to the conspiracy, "charged against them in the indictment," and instructed on the necessity of finding beyond a reasonable doubt "after a careful consideration of the evidence in this case" that the defendants participated in the conspiracy "charged against them by the Government." He carefully and correctly explained the meaning of reasonable doubt. He charged upon the presumption of innocence, and specifically stated that it was incumbent upon the Government before the jury could convict the defendants to establish to the jury's satisfaction beyond a reasonable doubt "that the crime charged in the indictment, and every constituent element thereof, has been committed."

■ Considering the instructions in their entirety, we think the substance of the requested instruction was covered in the general charge and that the jury understood therefrom that the appellants could not be found guilty until the Government established such guilt beyond a reasonable doubt by evidence produced at the trial without consideration of the indictment itself. Watts v. United States, supra, 10 Cir., 212 F.2d 275; Robilio v. United States, supra, 6 Cir., 291 F. 975, 987, certiorari denied, 263 U.S. 716, 44 S.Ct. 137, 68 L.Ed. 522.

Numerous other questions are presented by appellants' brief dealing with the admissibility of evidence and motions for a mistrial, which we have considered. The evidence on behalf of the Government was strong and convincing. In

**578**

our opinion, the rulings complained of did not constitute prejudicial error. Rule 52(a), Rules of Criminal Procedure, 18 U.S.C.A.

The judgments are affirmed.